ELLIS, Judge.
This suit was brought by plaintiff for amounts allegedly due him under a rental agreement with the State of Louisiana, covering certain canning equipment used at Louisiana State Penitentiary at Angola, Louisiana, between the years 1962 and 1965. During the trial of the case, an amendment was permitted to the petition to extend the period for which damages were claimed through 1966. From a judgment in favor of plaintiff and against defendant totalling $12,362.50, the defendant brought this suspensive appeal.
The equipment which is the subject of this suit is as follows:
1 — Chisholm Ryder Model F Bean Snip-per
1 — Urschel Green Bean Cutter, Model 30-C
5 — Chisholm Ryder Green Bean Graders
1 — CANCO, 08 — Capping Machine
1 — Sweet Potato Grader
1 — Marchant Calculator
All of the above equipment was brought to the penitentiary in the latter part of 1962. The capping machine, the bean cutter, and the calculator were removed from the penitentiary in October, 1965, but all of the other equipment was still there as of the time of trial in February of 1967.
We find the following facts to be established by the record:
Plaintiff first came to the penitentiar> as an employee during the year 1961. At that time, he was operating his own canning business in Washington Parish, Louisiana, and had the equipment sued on herein at that location. In August, 1962, he entered into a contract with the defendant calling for his services as a canning contractor, under which he was to furnish equipment and tools necessary. The consideration of $650.00 per month stipulated in that contract included his former salary of $550.00 per month, and $100.00 per month for the use of the above equipment together with other equipment, which he also furnished. This contract expired as of December 30, 1962. Although plaintiff entered into two other contracts with defendant, no mention is made therein of his equipment. The last of these contracts expired as of June 30, 1963, and it is admitted that all payments under all contracts were made by the State. After June 30, 1963, plaintiff worked at the penitentiary in a Civil Service job as a canning plant consultant.
Plaintiff admitted that, other than the August 27, 1962 contract, he never had any contract or agreement relative to the use of his equipment with anyone at the penitentiary. Flowever, his petition contains an alternative demand for compensation on a quantum meruit basis, and it is on this basis that the award was made by the lower court.
The plaintiff testified that his equipment was used in the penitentiary canning plant from the time it was brought onto the grounds until the time of the trial, with the exception of the equipment removed by him in October, 1965. He testified that this equipment was used up until the time that it was removed. Frank Creaghan, who was the man with whom plaintiff had his dealing relative to bringing the equipment to the penitentiary in 1962, testified that to his knowledge the equipment was used up until the end of 1963, when he left the penitentiary. He was unable to testify as to anything which took place after that time. His only testimony relative to the use of plaintiff’s equipment was that, at the time it was brought to the penitentiary, plaintiff was given $100.00 a month raise.
In addition to his own testimony and that of Mr. Creaghan, plaintiff had two expert witnesses testify. The first of these, Charles Pohlman, whose testimony was accepted by the district judge, testified that a fair annual rental for the bean snip-per would be $500.00, for the green bean graders $100.00 per year each, for the bean cutter $150.00 a year, for the capper *550 $1700.00 to $1800.00 per year, for the sweet potato grader $100.00 to $150.00 a year, and for the Marchant calculator $100.00 a year. Mr. Sanchez, the other expert, testified to values in excess of these.
The State offered no witnesses on the trial of the case. Apparently, at that time, the State relied on the three contracts here-inabove referred to, and claimed that nothing was due plaintiff beyond the amount specified in the contract, and that all of these amounts had been paid.
The district judge found that plaintiff was entitled to be compensated for the use of his equipment on a quantum meruit basis, and awarded him the damages herein-above set forth on the following basis: he found annual rentals of $1800.00 for the capping equipment, $500.00 for the Chisholm Ryder bean snipper, $500.00 for the five Chisholm Ryder bean graders, $150.00 for the green bean cutter, and $100.00 each for the sweet potato grader and the Mar-chant calculator. He awarded this amount from the last four months of 1962, through October, 1965, as to all items, and from October, 1965 through the year 1966 for the other items then remaining at the penitentiary. He also deducted the $100.00 a month paid during the last four months of 1962.
The State contends that the contract terminating at the end of 1962 covered the rental of the equipment during that time, and that no amounts should be allowed after October, 1965, at which time the superintendent of Louisiana State Penitentiary had demanded the removal of the equipment therefrom. The State also objected to making any awards subsequent to the year 1965, since that was all that was demanded in the original petition, and it had objected to an amendment to the petition during the trial to include a prayer for the use of the equipment during 1966 as well. The latter amendment to the petition was reduced to writing and filed in the record. At the time the motion to amend was made, the State was given an opportunity to obtain a continuance. It did not do so. Under those circumstances,' we feel it cannot now complain relative to the amendment. Code of Civil Procedure, Article 1154.
Considering the state of the record, we fail to see how the district judge could have arrived at any conclusion other than he did since there is nothing to contradict the testimony of any of the witnesses. However, we do feel that he erred in awarding anything for rental prior to January 1, 1963, since that period was covered by a contract. For that reason, the award made by him will be reduced to $10,208.33, allowing $3,150.00 for rental during the year 1963 and 1964, $2,625.00 for rental through October, 1965, $183.33 for rental for the rest of the year 1965, and $1100.00 rental for the year 1966.
After rendition of the judgment herein, defendant applied for a new trial, alleging newly discovered evidence. The evidence which he proposed to put on related to testimony concerning the use of the various equipment, alleging that it had been used only for a very short period of time in the year 1963 and had not been used since. The district judge denied the application for a new trial.
With this, we are in full accord. The evidence which the defendant now proposes to put before the court was easily available prior to the trial. This does not bring him within one of the peremptory grounds for granting a new trial specified in Article 1972 of the Code of Civil Procedure. Defendant contends that it did not expect to be faced with any questions beyond those raised by the contracts, and had no reason to investigate the use of the machinery prior to trial. However, we note that the petition contained alternative demands for compensation on a quantum meruit basis, and by the time plaintiff moved to amend his petition during the trial, the issues in the case were clear, and *551 defendant was given an opportunity to continue the case, which it did not do.
For the above and foregoing reasons, the judgment appealed from is amended by reducing the amount thereof to $10,208.33, and as amended it is affirmed, with all costs of the appeal to be paid by defendant, insofar as it is responsible for the same under the law.
Amended and affirmed.