290 So.2d 427 (1974)
UNITED STATES LEASING CORPORATION
v.
Edward KEILER and Samuel Buckley, et al.
No. 6001.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
Rehearing Denied March 8, 1974.
*428 Dodge, Friend & Wilson, Rhodes J. Spedale, Jr., New Orleans, for plaintiff-appellee.
Keiler & Buckley, New Orleans, Sam O. Buckley, for defendants-appellants.
Before GULOTTA, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
This case involves a contract of lease and comes to this court on appeal from the 24th Judicial District Court.
On March 26, 1970, the partnership of Keiler and Buckley, consisting of two lawyers, offered to lease a photocopier, Model 2500, to be supplied by Pitney Bowes, Inc., from United States Leasing Corporation (hereinafter referred to as U. S. Leasing) a California corporation. The terms of the offer to lease were for sixty (60) months at an original monthly rental of $24.12, later reduced by U. S. Leasing in its "Acceptance Letter" to $23.45 per month for one month and fifty-nine monthly payments at $23.67.
Following a credit check of Keiler and Buckley and receipt by them of U. S. Leasing's "Acceptance Letter", the photocopier was placed on appellants' premises. The rental period was to begin on June 30, 1970. Appellants made one payment of rent in the amount of $23.00 and continually complained to Pitney Bowes, Inc., that the machine did not properly function.
In January, 1971, U. S. Leasing did "take possession" of the photocopier and sold it to Pitney Bowes, Inc., at private *429 sale for $507.00. This sale was made outside Louisiana, without benefit or appraisal or advertisement.
U. S. Leasing instituted this action and claimed as followed:

 Original amount contracted for
 ( 1 at $23.45) $ 23.45
 (59 at $23.67) 1,396.53
 $1,419.98
 Less Payments received to date: 23.00
 $1,396.98
 Plus 10% of the total rent in accordance
 with lease: $ 142.00
 Plus accrued late charges: 17.50
 $1,556.48
 Less amount realized from sale of equipment: 507.00
 TOTAL $1,049.48
 Plus judicial interest and attorney's fees.

The court below entered judgment in favor of U. S. Leasing for $1,049.48 plus judicial interest and twenty-five (25%) percent attorney's fees.
Appellants contend that there was never a contract of lease in that their offer was not timely accepted and, when accepted, the modification (reduced monthly rentals) in the acceptance of the offer constituted a new acceptance.
Appellants' offer specified no time within which it was to be accepted nor is there any implication that the appellants did not intend to make their offer irrevocable for a reasonable time within which U. S. Leasing could signify its acceptance. LSA-C.C. Articles 1800-1802; National Co. v. Navarro, La.App., 149 So.2d 648. The offer was not revoked prior to acceptance. LSA-C.C. Article 1809.
The change in the monthly rentals on the "Acceptance Letter" is de minimis; it was not to the detriment of appellants, but to their benefit. After receipt of the "Acceptance Letter" containing a statement of the reduced monthly rentals, appellants permitted the photocopier to be placed upon their premises and used it. In so doing appellants assented to the modification of their offer and accepted the benefits of the lease contract. LSA-C.C. Articles 1803 and 1806; Electric Neon Clock Co. v. Cooper, La.App., 83 So.2d 678. There was a uniting of the will of the parties on the substantial elements of the lease. In Louisiana the requisites for the formation of a contract of lease are: the thing; the price; and consent. LSA-C.C. Articles 2670-2671. All three are present and we find there was a lease.
The lease in Section 21Default provides:
"(a) If lessee fails to pay when due any rent or other amount required herein to be paid by lessee, or if lessee fails to perform any other provision hereof within ten (10) days after lessor shall have demanded in writing performance thereof, or if for any reason lessee makes a bulk transfer of furniture, furnishings, fixtures or other equipment or inventory, or if lessee makes an assignment for the benefit of creditors, whether voluntary or involuntary. . . lessor shall have the right to exercise any one or more of the following remedies:
(i) Lessor may recover from lessee all rents and other amounts then due and as they shall thereafter become due hereunder.
(ii) Lessor may take possession of any or all items of equipment, wherever same may be located, without demand or notice, without liability to lessee for any damages occasioned by such taking of possession. Any such taking of possession shall not constitute a termination of the lease.
(iii) Lessor may recover from lessee, with respect to any and all items of equipment, and with or without repossessing equipment, the sum of (1) all rents and other amounts due and to become due, *430 less a prepayment credit for rent not yet due at said time, multiplied by two tenths of one percent (.2%); and (2) the reversionary value of equipment at the end of the current term which for purpose of this paragraph shall be ten percent (10%) of the total rent as set forth in paragraph 9 above; provided however, that upon repossession or surrender of equipment, lessor may sell or otherwise dispose of equipment, with or without notice and on public or private bid, and apply the net proceeds thereof (after deducting all expenses, including attorneys' fees, incurred in connection therewith), to the sum of (1) and (2) above, in the event lessor is unable to sell or otherwise dispose of equipment within a reasonable time, lessor may recover from lessee an amount not less than the sum of the rent and other amounts as set forth in (1) above and all expenses, including attorneys' fees, incurred in taking possession of equipment.
(iv) As to any item or items of equipment with respect to which this lease is terminated by lessor, lessor may recover from lessee as to each said item the worth at the time of such termination of the excess, if any, of the amount of rent reserved herein for said item for the balance of the term hereof over the then reasonable rental value of said item for the same period of time.
(v) Lessor may pursue any other remedy at law or in equity."
* * * * * *
Section 26Miscellaneous
"* * * This lease shall be governed by the law of the State of California."
Louisiana recognizes the conflicts rule that a contract made in Louisiana may be made with reference to the law of some other state. Whiston v. Stodder, 8 Mart., O.S. 95; McKane v. New Amsterdam Casualty Co., 199 So. 175, 182. The nature, validity, and construction of a contract are determined by the lex loci contractus; the remedy according to the lex fori. Bologna Brothers et al. v. Morrissey et al., La.App., 154 So.2d 455, writs denied, 245 La. 56, 156 So.2d 601.
Parties to a contract may agree to abide by the terms of a contract embodying the laws of a foreign state, but the parties may not contract to terms which are against the public policy of the state where the contract is made and where it is to be performed. Bologna Brothers et al. v. Morrissey et al., supra.
U. S. Leasing elected to: "take possession" of the photocopier; sell it without notice, court order, or appraisal to Pitney Bowes, Inc., and sued for future rentals. The lease contract provides for the lessor to sue for future rental payments and take possession of the leased equipment. U. S. Leasing seeks to exercise both of those remedies.
Upon default in payments the lessor may either terminate the lease or enforce its provisions. It cannot do both. It must elect a remedy. Weil v. Segura, 178 La. 421, 151 So. 639; Clay-Dutton, Inc. v. Coleman, La.App., 219 So.2d 307, 312.
A lessor is obligated to maintain the lessee in peaceable possession of the leased property during the continuance of the lease. LSA-C.C. Article 2692. Our law does not permit the lessor to violate a principal obligation owed to the lessee and at the same time compel the lessee to perform the obligations he assumed under the lease.
The law applicable to a situation where the lessor interrupts peaceable possession of the lessee of the thing leased is clearly set forth in Mid-Continent Refrigerator *431 Company v. Williams, La.App., 285 So.2d 247, 251, where the court stated:
"The law is settled that a lessor, upon default of the lessee, has the option of either terminating the lease or of enforcing its provisions. If he elects to terminate the lease, he may repossess the leased property and enforce payment of the rent which had accrued and had not been paid up to the time the contract was terminated. If he elects to enforce the lease contract, he may demand payment of all future rentals, but he thereby waives his right to repossess the leased property and he remains obligated to continue the lessee in peaceable possession of the property during the continuance of the lease."
In this case the lessor having deprived the lessee of peaceable possession of the leased property by repossession and sale of the photocopier in effect terminated the lease. Lessor is not entitled to a judgment for the past due and future rentals, but only to the former. Bill Garrett Leasing, Inc. v. General Lumber & Supply Co., La. App., 164 So.2d 364.
The case of Clay-Dutton, Inc. v. Coleman, supra, was a suit seeking future rentals owed under a lease of an automobile. Lessee voluntarily surrendered the vehicle to the lessor, who sold the vehicle at private sale without appraisal. Lessor sued for a deficiency. None of the sum sued for represented past due rents. The lease agreement provided for a private sale of the leased vehicle and accorded the lessor the right to seek a deficiency. In barring lessor's recovery the court cited the Deficiency Judgment Act[1] and stated:
"The language of LRS 13:4106 and 4107 is quite clear and does not limit the effects thereof nor the rights to a deficiency judgment to a mortgagee only for Section 4106 clearly applies to `a mortgagee or other creditor' and Section 4107 is quite definitive when it states that the provisions of Section 4106 shall apply to mortgages, contracts, debts or other obligations * * *"
The provision of the lease contract authorizing the lessor to employ both of the above mentioned remedies is unenforceable, as being contrary to the public policy of this state. LSA-C.C. Articles 1893 and 1895; Mid-Continent Refrigerator Company v. Williams, supra.
For the foregoing reasons, the judgment of the trial court is amended to award plaintiff, United States Leasing Corporation, past due rent for one month at $23.45 plus five months at $23.67 for a total of $141.80 less a credit of $23.00 or the net amount of $118.80, plus judicial interest and twenty-five (25%) percent attorney's fees; costs of the trial are to be paid by defendants-appellants and the costs of the appeal are to be paid by plaintiff-appellee.
Amended and affirmed.
NOTES
[1] LSA-R.S. 13:4106.

"If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.
"If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby."
"R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934."