BEER, Judge.
This appeal concerns a written lease agreement dated December 31, 1971, under the terms of which plaintiff-appellee, Hertz Lease Corporation (hereafter, “Hertz"), leased two office calculators to defendant-appellant, Urban Transportation and Planning Associates, Inc. (hereafter, “Urban”), at $88.32 per month for 60 months. On August 9, 1973, Hertz, alleging default, sued Urban for the aggregate of payments due ($5,299.20) less payments made ($706.56) and recognized a credit for the unearned portion of finance charges ($1,080.00). This constituted a total demand for $3,512.64 plus legal interest, 25% attorneys’ fees, and court costs. In its first supplemental and amended petition, Hertz sought to accelerate all remaining payments alleged to be due under the lease and, at the same time, recanted the credit for unearned portion of the finance charges ($1,080.00) thereupon increasing its demand to $4,592.64.
After a trial on the merits, judgment was rendered on October 29,1975 (without written reasons) in favor of Hertz and against Urban in the amount of $3,512.64 plus attorneys’ fees in the amount of 25% of said principal, together with interests and costs. On that same day, the judgment was amended, ex proprio motu, to increase the amount of the award to $4,592.64 — the amount sought in Hertz’s first supplemental and amended petition. Counsel for Urban asserts on this appeal, for the first time, that he did not receive notice of the amended judgment required by LSA-C.C.P. Art. 1913 and further contends that the amended judgment is not in conformity with the requirements of LSA-C.C.P. Art. 1951.
Urban suspensively appeals, alleging the procedural defectiveness of the amended judgment as well as its basic contention that Hertz terminated the lease and cannot collect payments subsequent to termination. Urban acknowledges its responsibility for past due rentals up to termination, plus the value of one of the calculators (Model 716) which has been lost.
Hertz contends it did not terminate the lease but, rather, sought to judicially enforce its conventional and legal right to accelerate the balance of the payments due. Hertz further contends that Urban’s objection to the amended judgment is moot inasmuch as this appeal has been perfected and also contends that the amendment to the judgment was a permissible alteration to correct a clerical error involving no change in the substance of the judgment; and, in the alternative, argues that this court has the power to (and should) amend the judgment on its own motion.
The redhibitory claim of Urban appears abandoned and, at any event, fails for want of proof. There simply is no evidence to prove that the equipment was defective. Nor is there proof of the contention that Hertz failed to keep the calculators in operative condition. What is clear from the record is that Urban discontinued the payments that it had obligated itself to pay and, accordingly, Paragraph 11 of the lease agreement became applicable. It provides:
“Should lessee fail to make any rental or other payment when due Hertz may give lessee a written notice of termination and thereupon, as therein provided, this lease shall terminate and lessee shall forthwith deliver to Hertz as hereinafter provided all equipment then held by lessee, or in any of said events, Hertz lawfully may immediately or at any time thereafter and without demand or notice enter upon the premises or any part thereof where the equipment or any part thereof is located and repossess the same . . . and upon such entry this lease shall terminate. In case of such termination by notice or by entry or in case of termination under the provisions of any statute by reason of the default of lessee, lessee shall forthwith pay to Hertz in addition to any rental or other payment then in arrears . . . Court costs and reasonable attorney’s fees and in addition a sum equal to the balance of *888 the rent and other payments called for hereunder for the remainder of the original or extended term as the case may be as liquidated damages and not as a penalty . . . . Hertz remedies hereunder are not exclusive and Hertz shall have the right to exercise any and all other remedies provided by law or equity as a result of any default of lessee, and each such remedy, whether granted hereunder or now or hereafter provided or permitted by law or equity, may be exercised concurrently with any other such remedy or remedies.”
Urban contends that a letter of January 25, 1973, from Hertz altered the applicability of this paragraph. That letter provides:
“You have failed to cure your default set forth in our notice to you dated December 20, 1973. We have, therefore, exercised our right to terminate the above lease because of the default, and shall hold you responsible for the balance of the rent due on the lease contract as liquidated damages.”
We believe that, by the letter, Hertz did, in fact, terminate the lease. See United States Leasing Corp. v. Keiler, 290 So.2d 427 (La.App.4th Cir., 1974); Bill Garrett Leasing, Inc. v. General Lumber and Supply Co., 164 So.2d 364 (La.App.1st Cir., 1964) writs ref. 246 La. 595, 165 So.2d 485.
However, we reject Urban’s contention that such precludes any award except for past due rental payments.
Since Urban continued in peaceable possession of the leased objects up to the trial and was never physically dispossessed of the computers, the continued possession of the equipment by Urban, although intrinsically insignificant, must be considered in light of the lease which provides that upon termination of the lease, the “ . lessee shall forthwith deliver to Hertz as hereinafter provided all equipment then held by lessee . . . ” And, paragraph 13 reads:
“On any termination of this lease, Lessee shall, at its sole expense, prepare for shipment and ship said equipment freight prepaid to Hertz’s principal place of business or such place as Hertz may direct not substantially further in distance than to Hertz’s principal place of business. Said equipment shall be at the full risk and expense of Lessee until delivered to Hertz as aforesaid in the condition here-inbefore mentioned and all expenses, if any, of loading and unloading said equipment and all risk of loss or damage to the equipment thereby, shall be borne by Lessee.”
Urban had written a letter to Hertz, dated February 5, 1973, which suggested that Hertz “come pick up this equipment.” This does not constitute a tender of the equipment nor does such letter fulfill Urban’s contractual duty to return the equipment.
Urban’s continued peaceable possession of the calculators entitles Hertz to compensation for the use of the equipment on a quantum meruit basis. LSA — C.C. Arts. 2292-2294; Executive Car Leasing Co. of New Orleans, Inc. v. Federico, 313 So.2d 382 (La.App.4th Cir., 1975); Skrmetta v. State Through Department of Institutions, 206 So.2d 548 (La.App.1st Cir., 1968).
We now turn to appellant’s complaint surrounding the amended trial court judgment. The required notice of judgment under LSA-C.C.P. Art. 1913 is intended to protect the litigant’s right to apply for new trial and his right to petition for appeal. X—L Finance Company v. Hollinger, 185 So.2d 873 (La.App.3rd Cir., 1966). Appellant has successfully appealed the original trial court judgment and thereby obviated the notice of judgment. Carlisle v. Carlisle, 313 So.2d 908 (La.App.2nd Cir., 1975) writs denied 319 So.2d 442 (La.).
Urban should be charged for the rental of both calculators up to the end of January, 1973, based on the rate of $88.32 per month, but allowed a credit for the 8 payments made, or $706.56. Thereafter, until the date of the trial on October 20, 1975 (approximately 33 months), Urban was presumably in peaceable possession of both calculators and should be charged on a *889 quantum meruit basis, for the use of the calculators. However, we do not feel that the finance charge increment should be allowed in computing a fair use value, Hence, we calculate the value of such use as follows:

Finally, the record indicates, and both counsel have represented to us, that the Model 716 calculator has been lost. Accordingly, we allow plaintiff the value of the calculator which the record indicates to be $985.00.
In recapitulation, we find plaintiff entitled to $3,340.60, computed as follows:
Rent on both calculators up to termination of lease (January, 1973) $ 441.60
Use value of both calculators up to date of trial (October 20, 1975) disallowing finance charges 1,914.00
Price (cost of replacement) of the Model 716 calculator, the loss of which was acknowledged by counsel '■ for Urban 985.00
Total Damages $3,340.60.
Accordingly, the judgment appealed from is amended to decrease the principal award from $3,512.64 to $3,340.60.[1] As amended, the judgment is, in all respects, affirmed.
AMENDED AND AFFIRMED.

. In neither the trial court nor here has appellant or appellee addressed the issue of ultimate disposition of the Model 1016 PR calculator which remains in the custody of the Clerk of the Civil District Court for the Parish of Orleans as a result of its apparent tender, at the time of trial, by Urban Transportation and Planning Associates, Inc. Since neither appellant nor appellee has seen fit to address this issue, we feel little obligation so to do insofar as either of their interests are concerned, but we are aware of the fact that the device is taking up storage space in the Clerk’s office. Accordingly, the parties should resolve this issue by informal agreement or by reference to the terms of the original lease agreement or in such other manner as will result in the expeditious removal of the machine from storage in the Clerk’s office.