376 So.2d 592 (1979)
T. P. M. P. T. EMPLOYEES CREDIT UNION
v.
Clarence P. CHARPENTIER, Jr. and Ranell A. Charpentier.
No. 10319.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 1979.
*593 O'Dowd & O'Dowd, Kim M. O'Dowd, New Orleans, for plaintiff/appellant.
Edward C. Keeton, Gretna, for defendant/appellee.
Before SAMUEL, GULOTTA and GARRISON, JJ.
GULOTTA, Judge.
This suit commenced as a claim for the balance due in the sum of $1,004.82 plus stipulated interest and attorneys fees on a note originally in the sum of $2,000.00. Clarence P. Charpentier, Jr. was the maker on the note and his sister, Ranell A. Charpentier, was the co-maker on the note.
Judgment was rendered in favor of plaintiff and against Ranell Charpentier[1] for the balance owed on the note, plus stipulated interest and attorneys fees. However, the amount of judgment in favor of plaintiff was offset by a judgment in favor of Ranell in the amount of $769.02 representing penalties and attorneys fees in accordance with 15 U.S.C.A. § 1640(a).[2] The set off award was based on a violation of 15 U.S.C.A. § 1631, of the Federal Consumer Protection Act, which provides for disclosure in credit transactions by the creditor to those to whom credit has been extended.[3]
*594 Plaintiff, appealing, contends the trial judge erred in allowing defendant the set-off. According to plaintiff, the note sued upon was executed on March 17, 1976 and the prescriptive period for filing a Truth in Lending suit, under the Consumer Credit Protection Act, is one year from the date of failure to provide a disclosure statement to the debtor.[4] Plaintiff argues that because defendant's claim for set-off in a supplemental and amended answer was filed on January 20, 1978 it was untimely and, therefore, prescribed.
Furthermore, plaintiff contends that under LSA-C.C.P. 424 (as amended by Act 254 of the 1977 Legislature and effective September 9, 1977) a prescribed cause of action arising under the Federal Consumer Credit Act may not be used as a defense.[5]
Defendant, on the other hand, claims that because plaintiff failed to provide her with a disclosure statement, as required under Federal Regulations, the trial judge properly awarded statutory penalties and attorneys fees.
Defendant further argues that prior to its amendment, Code of Civil Procedure Article 424, which was in effect at the time of the making of the note,[6] provided that a person whose right to enforce a prescribed obligation may assert his cause of action as a defense.[7] See also, Termplan Mid-City, Inc. v. Laughlin, 333 So.2d 738 (La.App. 4th Cir., 1976).
Assuming that Act No. 254 of the 1977 Louisiana Legislature (amending LSA-C. C.P. 424) may have legislatively overruled the Termplan case by providing that a prescribed cause of action under the Federal Consumer Credit Protection Act may not be used as a defense, defendant claims that the 1977 Act cannot be given retroactive or retrospective effect as it would affect her substantive rights and, therefore, should not apply to the instant case.
Defendant's final argument is that as a co-maker she is not solidarily liable for the entire balance due on the note but only for her virile share, i. e., one-half the amount due.
Because we conclude that Act 254 of the 1977 Louisiana Legislature is a procedural act, remedial and/or curative in nature and has retroactive effect, we need not consider defendant's argument that a disclosure statement was required and not provided.
We recognize that Article 8 of the Louisiana Civil Code provides that, generally, *595 laws can prescribe only for the future, and can have no retrospective operation.
However, in General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (La.1953) the Louisiana Supreme Court reiterated the well settled rule that remedial statutes and statutes governing procedure are to be given retroactive effect, in the absence of language showing a contrary intention. See also, footnote in Orleans Parish School Board v. Manson, 241 La. 1029, 132 So.2d 885 (La.1961); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (La.1940); Green v. Liberty Mut. Ins. Co., 352 So.2d 366 (La.App. 4th Cir., 1977), writ denied, 354 So.2d 210 (La. 1978).
In Fullilove v. U. S. Casualty Company of New York, 129 So.2d 816 (La.App. 2nd Cir., 1961) certiorari denied, 1961, the Second Circuit in a well considered opinion defined remedial and curative statutes. In that case the court stated:
"`Remedial Statutes' are statutes which confer a remedy, and `remedy' is the means employed to enforce a right or redress an injury. Young v. Staman, La. App. 2nd Cir., 1940, 200 So.2d 187; Washington Nat. Ins. Co. v. McLemore, La. App. 2nd Cir., 1935, 163 So. 773. `Curative Statutes' are statutes which, by their very nature, are intended to enable persons to carry into effect that which they have designed and intended, but which have failed of their expected legal consequences by reason of some statutory disability or irregularity in their action. Such acts are, by their very nature, intended to operate on past transactions, and are necessarily retrospective. Curative statutes, by reason of their remedial and retrospective nature, are to be liberally construed to correct the mischief or advance the remedy intended, and are applicable not only to past transactions but also to pending cases, either in the trial court or on appeal. 82 C.J.S. Statutes § 430, p. 1002."
Applying the well settled jurisprudence we conclude that the amended Code of Civil Procedure article 424 is remedial or curative in nature and is to be retroactively applied.
Because the 1977 Act was adopted in September, 1977 and the Termplan case was handed down in June, 1976, a reasonable argument can be made that the Act legislatively overruled the Termplan case. To that extent the statute would be curative in nature. Additionally, the statute involves the means which might be employed to enforce a right or redress. See Fullilove v. U. S. Casualty Company of New York, supra. In that respect it is remedial in nature. Under the circumstances, we conclude that the 1977 Act of the Louisiana Legislature is to be given retroactive effect and applied to the March 17, 1976 loan in the instant case.
Having so concluded, defendant was not entitled to assert set-off as a defense where that cause of action had prescribed in a Federal Consumer Credit transaction. Accordingly, we are compelled to annul and set aside that part of the judgment which allows defendant, Ranell Charpentier, a $769.02 set-off against the judgment in favor of plaintiff.
Consequently, defendant is not entitled to penalties and attorneys fees.
Finally, we also reject defendant's argument that the trial judge erred in finding her solidarily liable for the entire amount of the indebtedness owed.[8] According to defendant, her obligation is merely a joint one and, as such, she is responsible only for her virile share, i. e. one-half of the total amount owed. See Civil Code Article 2086.[9] We do not agree.
*596 In Johnson v. Jones-Journet, 320 So.2d 533 (La.1975) the Supreme Court quoting Civil Code Article 2082 stated:
". . . [where] several persons obligate themselves to the obligee by the terms in solido, or use any other expressions, that clearly show that they intend that each one shall be separately bound to perform the whole of the obligation, it is called an obligation in solido on the part of the obligor."
While Civil Code Article 2093 provides that an obligation in solido is not presumed and must be expressly stipulated,[10] the evidence in the instant case discloses that the maker, Clarence Charpentier, and the co-maker, Ranell Charpentier, signed a note which read: ". . . I/We, jointly, severally and in solido, promise to pay . . ." It is clear from this language that defendant's solidary obligation is specifically expressed in the note.
Under the circumstances we conclude that the trial judge properly rendered judgment against Ranell Charpentier as a solidary obligor, and, as such, she is responsible for payment of the entire balance owed on the note, together with stipulated interest and attorneys fees.
Having so concluded, that part of the judgment in favor of plaintiff and against Ranell Charpentier is affirmed. That part of the judgment in favor of defendant, Ranell Charpentier, in the sum of $769.02 representing a set-off against the judgment in favor of plaintiff is reversed and set aside. Costs of the appeal to be paid by defendant.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] No judgment was rendered against Clarence P. Charpentier, Jr. the maker on the note. Apparently, no service of process was effected on Clarence. At any rate, Clarence's liability is not at issue before this court.
[2] 15 U.S.C.A. § 1640(a) reads as follows:

"§ 1640. Civil liabilityIndividual or class action for damages; amount of award; factors determining amount of award.
(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of
(1) any actual damage sustained by such person as a result of the failure;
(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or
(B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery in such action shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor; and
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.
In determining the amount of award in any class action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional."
[3] 15 U.S.C.A. § 1631 reads as follows:

"§ 1631. Disclosure requirementsClear and conspicuous disclosure to person extended consumer credit.
(a) Each creditor shall disclose clearly and conspicuously, in accordance with the regulations of the Board, to each person to whom consumer credit is extended, the information required under this part or part D of this subchapter.
Statement of information where more than one obligor
(b) If there is more than one obligor, a creditor need not furnish a statement of information required under this part or part D of this subchapter to more than one of them."
[4] 15 U.S.C.A. § 1640(e) reads as follows:

"Jurisdiction of courts.
(e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. Pub.L. 90-321, Title I, § 130, May 29, 1968, 82 Stat. 157."
[5] LSA-C.C.P. Art. 424 reads as follows:

"ACTIONS
Art. 424. Cause of action as a defense.
A person who has a right to enforce an obligation also has a right to use his cause of action as a defense.
Except as otherwise provided herein, a prescribed obligation arising under Louisiana law may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff. A prescribed cause of action arising under The Federal Consumer Credit Protection Act may not be used as a defense even if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff.
However, in connection with the enforcement of a negotiable instrument the defense of redhibition may not be used if it has otherwise prescribed. Amended by Acts 1976, No. 710, § 1; Acts 1977, No. 254, § 1."
[6] The note was executed on March 17, 1976.
[7] Prior to the amendment, LSA-C.C.P. Art. 424 provided:

"Art. 424. Cause of action as a defense.
A person who has a right to enforce an obligation also has a right to use his cause of action as a defense. A prescribed obligation may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff."
[8] Article 2091 of La.Civil Code reads as follows:

"Art. 2091. Obligations in solido on the part of debtors.
Art. 2091. There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
[9] Article 2086 of La.Civil Code reads as follows:

"Art. 2086. Judgment on joint obligation.
Art. 2086. In a suit on a joint obligation, judgment must be rendered against each defendant separately, for his proportion of the debt or damages, if the suit resolves itself into damages. If the suit be for a specific performance, each defendant may be compelled to execute his proportion of the obligation, if the nature of the case permit and justice require it. The proportion, meant by this and the succeeding articles, is calculated by the number of the obligors, each one answering for an equal part, unless the parties have expressed a different intention."
[10] Article 2093 of La. Civil Code reads as follows:

"Art. 2093. An obligation in solido is not presumed; it must be expressly stipulated.
This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law."