In re CALDWELL PORT ELEVATOR, INC., Debtor.

MISSISSIPPI CHEMICAL CORPORATION, Plaintiff,

v.

CALDWELL PORT ELEVATOR, INC. and Herschel Gentry and L. A. Mullenix, Co-Trustees, and Bank of Dixie.

Bankruptcy No. 582–00088–M.
Adv. No. 582–0050.

United States Bankruptcy Court, W. D. Louisiana, Monroe Division.

Sept. 16, 1982.

---

George M. Wear, Jr., Shotwell, Brown & Sperry, Monroe, La., for plaintiff.

Charles C. Trascher, III, Monroe, La., for Caldwell Port Elevator, Inc.

James R. Jeter, Cook, Yancey, King & Galloway, Shreveport, La., for Bank of Dixie.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

In January of 1977, Mississippi Chemical Corporation (MCC) and the debtor, Caldwell Port Elevator, Inc. (Caldwell) executed an agreement entitled Agent's Contract. This agreement purports to make Caldwell the agent of MCC. Caldwell agreed to store and distribute fertilizer manufactured by MCC. The contract states that the law of Mississippi is to govern conduct under the contract.

In July, 1977, these same two parties executed what is entitled Storage Contract. By this agreement, MCC pays Caldwell for the right to store fertilizer in Caldwell's facilities.

Caldwell later executed a Collateral Chattel Mortgage dated April 20, 1980, in favor of Bank of Dixie (Dixie). This mortgage gives Dixie a security interest in the fertilizer. Since then Caldwell has entered into Chapter 11 Reorganization proceedings.

MCC filed this adversary proceeding to claim ownership of the fertilizer. MCC and Caldwell were able to compromise their dispute and petitioned this Court to approve the compromise. Dixie filed an objection to that compromise agreement, which is the subject matter of this judgment.

## CONCLUSIONS OF LAW

By convention, MCC and Caldwell chose Mississippi law to govern their contractual rights. Article 11 of the Louisiana Civil Code is authority for the proposition that parties to a contract are free to derogate from the law if their convention is not contrary to the public good. The case law is in agreement:

"Ordinarily, where a contract is entered into and one of the parties thereto endeavors to enforce a right claimed to have arisen under the contract, the party is bound by each provision of the contract unless there is jurisprudential or statutory law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written." *Davis v. Humble Oil & Refining Co.,* 283 So.2d 783 (La.App. 1st Cir. 1973). See also *United States Leasing Corp. v. Keiler,* 290 So.2d 427 (La.App. 4th Cir. 1974) and

*Palmer v. Chamberlin,* 191 F.2d 532 (5th Cir. 1951), rehearing denied at 191 F.2d 859 (5th Cir.).

This Court has not been apprised of any policy consideration that should prevent these parties from contracting as they did. Indeed, freedom of contract is an important principle that is nurtured by the courts.

The laws of Mississippi determine the nature of the transaction which occurred between MCC and Caldwell. The pertinent legislation is Mississippi Revised Statute § 75–2–401(1) which states "any retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest". The statute is plain. MCC holds only a security interest in the fertilizer and Caldwell is the owner. Mississippi Revised Statute § 75–9–103(1)(b) holds that the validity of the security interest is governed "by the law of the jurisdiction where the collateral is when the last event occurs on which is based the assertion that the security interest is perfected or unperfected". In this case, the fertilizer is in Louisiana and so Louisiana law controls the perfection of any security interest in the fertilizer. MCC has not asserted that it holds any recorded chattel mortgage or vendor's privilege or other lien on the fertilizer.

■ The Bank of Dixie does claim to be the mortgagee of the fertilizer. As owner, Caldwell may give a mortgage on the fertilizer. It is the argument of MCC that this mortgage is invalid. Louisiana Revised Statute 9:5352 A requires of a chattel mortgage that it contain a full description of the property and that the location of the property be precisely stated. This mortgage, dated April 30, 1980, incorrectly states the location of the fertilizer. Dixie argues that the mortgage is not invalid for later legislation has retroactively cured this defect. The 1981 Louisiana Legislature passed Act 306, which amended R.S. 9:5352 A. The amendment says, "that the failure to recite the location of the chattel shall not affect the validity of the mortgage".

■■ Legislation which has retroactive application upon conventional obligations are 'curative statutes' which

". . . by their very nature, are intended to enable persons to carry into effect that which they have designed and intended, but which have failed of their expected legal consequences by reason of some statutory disability or irregularity in their action. Such acts are by their very nature, intended to operate on past transactions, and are necessarily retrospective. Curative statutes by reason of their remedial and retrospective nature, are to be liberally construed to correct the mischief or advance the remedy intended, and are applicable not only to past transactions but also to pending cases, either in the trial court or on appeal." *Fullilove v. U. S. Casualty Company of New York,* 129 So.2d 816, 824 (La.App. 2d Cir. 1961). See also *Lombard v. Manchester Life Insurance Company,* 406 So.2d 742, 744 (La. App. 4th Cir. 1981), *Page v. American Motorist Insurance Company, Ltd.,* 381 So.2d 889, 890 (La.App. 2d Cir. 1980), *T. P. M. P. T. Employees Credit Union v. Charpentier,* 376 So.2d 592, 595 (La.App. 4th Cir. 1979).

Act 306 of 1981 is curative legislation. It has retrospective application and has cured what would have been a fatal defect in Bank of Dixie's chattel mortgage.

For these reasons, Bank of Dixie's chattel mortgage is recognized as valid and is superior to the claims of Mississippi Chemical Corporation. The compromise agreement between Caldwell Port Elevator, Inc. and Mississippi Chemical Corporation is not approved by this Court because of the valid and timely objection by the Bank of Dixie.