LANDRIEU, J.
_JjThe defendant, Press It # 1 New Orleans, LLC, appeals the trial court’s judgment granting the plaintiffs, Kingfish Development, LLC, petition for eviction and past due rentals. For the following reasons, we reverse the judgment of the trial court.
FACTS AND PROCEEDINGS BELOW
Kingfish Development was the landlord of the premises located at 935 Gravier Street, Suite 100 in New Orleans, Louisiana. In April 2011, Kingfish Development entered into a lease with Press It which allowed Press It to operate a restaurant and bar out of the location.[1] Section 11.A of the lease provided that Kingfish could *1233 collect payment from Press It for electrical services “by a separate charge billed directly to Tenant by Landlord and payable by Tenant as Additional Rent within ten (10) days after billing.” Kingfish Development billed Press It for October, November, and December 2012 electrical utilities on January 7, 2013. Press It failed to pay the money owed within ten days of billing.
|2On January 30, 2013, Kingfish Development filed a Petition for Eviction and Past Due Rentals. In the petition, Kingfish Development asked the court to summarily evict Press It from the premises and to award money damages to it for past due rents. Citation and service of the petition and a rule to show cause were made on Press It’s registered agent on January 31, 2013. The hearing on the Rule was set for February 8, 2013.[2]
On the day it was served with the petition and rule to show cause, Press It hand-delivered certified checks in the amounts due for electrical services for November and December to the secretary of Kingfish Development’s attorney. A cover letter included with the certified checks stated that Press It was paying the amount based on advice from its attorney as a “reservation of rights.” The certified checks were not returned to Press It. Later, Press It had another check, this one for February rent, delivered to Kingfish Development. Kingfish Development requested that this check be delivered to its attorney. Press It complied with this request. This check was not returned to Press It.
Press It filed Exceptions of Unauthorized Use of Summary Proceedings, Insufficiency of Service of Process and Insufficiency of Citation, No Right of Action, and No Cause of Action. On February 19, 2013, the exceptions were heard and denied by the trial court. The court then proceeded to trial on the merits. In the judgment rendered in open court on February 20, 2013, the trial court granted Kingfish Development’s petition for eviction of Press It and entered a money | judgment in favor of Kingfish and against Press It for past due rent in the amount of $1,893.95. The judgment required Press It to deliver possession of the leased premises within forty-eight hours of the oral judgment rendered in court. This appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Press It raises three assignments of error, which we consolidate for the purposes of discussion: (1) whether the trial court erred in denying Press It’s exception of improper use of summary proceedings, and (2) whether the trial court erred in evicting Press It because Kingfish Development had accepted rental payments after the filing of its petition for eviction.
DISCUSSION
In its appeal, Press It first argues that the trial court improperly allowed the action to proceed summarily. We agree.
There are three different modes of procedure that may be used in civil matters in Louisiana: ordinary, summary, and execu-tory. La. C.C.P. art. 851. We must first determine whether this matter proceeded summarily or whether the requirements for ordinary process were met.
Ordinary proceedings require a petition, service and citation, and an answer by the *1234 defendant. La. C.C.P. arts. 891, 1001, 1201. Summary proceedings are those “conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings.” La. C.C.P. art. 2591. An action to evict a tenant may be tried summarily. La. J4C.C.P. arts. 2592 and 4731. The Code of Civil Procedure states that a summary proceeding “may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise required by law.” La. C.C.P. art. 2593. An answer is not required in a summary proceeding. La. C.C.P. art. 2593.
Although this action was commenced by a “petition” and included citation and service, the record does not contain an answer filed by Press It. As an answer is required in ordinary proceedings, and as this is clearly not an executory proceeding, we conclude that this matter did, in fact, proceed summarily.
We must next consider whether it was proper for the trial court to have awarded monetary damages by summary process. We find that it was not and, therefore, find that the trial court erred in denying Press It’s exception of improper use of summary proceeding.
In denying the exception, the trial court properly cited jurisprudence which allows a landlord to seek both eviction and past due rents. She stated:
Having reviewed the relevant jurisprudence, specifically the holding in U.S. Leasing Corp. v. Keiler, 290 So.2d 427, which is a Fourth Circuit case, which reads in part, “The law is settled that a lessor, upon default of the lessee has the option of either terminating the lease or enforcing its provisions. If he elects to terminate the lease, he may repossess the leased property and enforce payment of the rent which had accrued and had not been paid up to the time the contract was terminated.”
In the case at bar, because the remedy elected by [Kingfish Development] is to seek termination of the lease agreement and for past due rentals, not future rentals, said election comports with the holding in Keiler and does not violate the public policy of this state.
IsWhile this is a correct understanding of Keiler and the related jurisprudence, the trial court erred in applying this jurisprudence to the exception of improper use of summary procedure. Keiler was not a summary proceeding. While the law is clear that a breach of the lease by Press It would entitle Kingfish Development to seek eviction as well as past due rentals, it cannot seek both remedies in a summary proceeding.
Louisiana Code of Civil Procedure article 2592 provides us with the exclusive list of matters that can be heard by summary process. The only enumerated ground applicable to this proceeding is the catch-all provision, “[a]ll other matters in which the law permits summary proceedings to be used.” La. C.C.P. art. 2592(12). An eviction is one of the areas in which the law permits summary proceedings. See La. C.C.P. 4731, el seq. However, nothing in these articles provide that damages can be recovered in a summary eviction proceeding. In Major v. Hall, 262 La. 243, 263 So.2d 22, 24 (1972), the Louisiana Supreme Court held: “Damages are not recoverable on a rule to show cause. C.C.P. art. 2592 does not provide for the recovery of damages in summary proceedings. Damages, in the absence of special provisions, may only be recovered via ordina-ria.”
*1235 Had Press It answered the petition, Kingfish Development would have been able to proceed via ordinaria to evict Press It and recover past due rentals in the same proceeding. The Code does not require an eviction to proceed via summary proceedings, but merely provides that one may proceed in that manner. However, since Kingfish Development chose to proceed summarily, it was precluded from seeking a money judgment. The | fitrial court erred in denying the exception of improper use of summary proceeding.
We next turn to Press It’s argument that the trial court erred in granting the eviction because Kingfish Development accepted rentals after the petition for eviction was filed. In its brief, Press It does not argue that it did not breach the lease; rather, it argues that Kingfish Development’s acceptance of the rental payments vitiates Press It’s default. We agree.
It is clear from the record that Press It was in default because it failed to pay the electrical utility payments for October, November, and December 2012 within ten days of billing as required in the lease. However, the issue is whether this default was vitiated by the lessor’s subsequent acceptance of rental payments.
Kingfish Development filed its petition for eviction on January 30, 2012. Press It was served on January 31, 2013. That same day, Press It tendered certified checks to Kingfish Development for the past due utilities which were not returned to Press It. Later, in February, Press It delivered to Kingfish Development payment for February’s rent. This check was not returned to Press It.
Louisiana law is well-settled that the acceptance of rent vitiates default. Courts in this state have consistently held that when rental payments have been accepted after the notice to vacate, the notice is vitiated and the tenant’s possession is maintained. Murphy Oil Corporation v. Gonzales, 316 So.2d 175 (La.App. 4th Cir. 1975); West End Landing, Inc. v. Board of Commissioners, 299 So.2d 418 (La.App. 4th Cir.1974); Arms v. Rodriguez, 232 La. 951, 95 So.2d 616 (1957); Four Seasons, Inc. v. New Orleans Silversmiths, 223 So.2d 686 (La.App. 4th Cir.1969); Canal Realty & Improvement Company v. Pallet, 217 La. 376, 46 So.2d 303 (1950).
The trial court found as a matter of fact that Press It “did not tender payment for outstanding rentals until after plaintiff filed suit for eviction.” Accepting this factual finding, we conclude that the trial court erred in applying the law. The lessee’s default was vitiated by the landlord’s acceptance of rental payments after the notice of eviction was issued. The trial court erred in finding otherwise.
CONCLUSION
For the above reasons, we reverse the trial court’s judgment granting Kingfish Development’s petition for eviction and past due rentals.
REVERSED.
BONIN, J., Dissents With Reasons.
BONIN, J., Dissents With Reasons.
|jl respectfully dissent.
Press It # 1 New Orleans, LLC’s contention that Kingfish Development accepted payment for past due utility rentals as well as for the February base monthly rent (which would be for a period beyond the time the notice indicated the lease would be terminated) after filing its action *1236 for eviction and for past due rent, thus vitiating its request for these past due amounts, is an affirmative defense because it will have the effect of defeating on the merits Kingfish Development’s claim for past due utility rentals. See Allvend, Inc. v. Payphone Commissions Co., Inc., 00-0661, pp. 5-6 (La.App. 4 Cir. 5/23/01), 804 So.2d 27, 30. Accordingly, Press It # 1 New Orleans bore the burden of proving its affirmative defense at the hearing. Id., p. 6, 804 So.2d at 30. After reviewing the record, I conclude that the trial judge was not clearly wrong by her implicit factual finding that Press It # 1 New Orleans did not carry its burden to establish that King-fish Development accepted the late-paid utility bills or the February rent. I would affirm the order of eviction.

. The lease was subsequently amended in January 2012.

. This hearing was reset to February 19, 2013 due to a court emergency.