46 So.2d 303 (1950)
217 La. 376
CANAL REALTY & IMPROVEMENT CO., Inc.
v.
PAILET.
No. 39691.
Supreme Court of Louisiana.
April 24, 1950.
*304 Rosen, Kammer, Wolff, Hopkins & Burke, New Orleans, for plaintiff and appellee.
Joseph Rosenberg, New Orleans, for defendant and appellant.
HAMITER, Justice.
Defendant, David J. Pailet, is appealing from a judgment which condemns him to vacate without delay the premises known as Nos. 115, 117, 119 and 121 South Rampart Street, in the City of New Orleans, and to deliver possession thereof to the plaintiff, Canal Realty & Improvement Company, Inc.
By a written contract plaintiff, as owner, rented and leased unto the defendant the described commercial property for a term beginning March 1, 1948 and ending June 30, 1951, the stipulated rental ($4,200 per year) being payable in equal monthly installments in advance. Under the heading "Rules and Regulations" the lease provides, among other things, that:
"2. The doors, skylights, windows and sashes that reflect, or admit light, in the passages, or into any place in said building shall not be covered or obstructed in any way.

* * * * * *
"4. No sign, advertisement or notice shall be inscribed, painted or affixed on, in or upon any part of the demised premises or in the windows except those pertaining to the Lessee's business, and except of such wording or lettering, color, size and style, and in such manner and places on or upon said building as shall be first designated or allowed in writing by the Lessor, and all lettering on doors and windows shall be done by the Lessor's painter at the expense of the Lessee. * * *"
On June 27, 1949, plaintiff instituted this summary eviction action, the procedure governing which is provided by Revised Statutes, § 2155, as last amended by Act No. 200 of 1936, Dart's Statutes, § 6597, and it obtained the issuance of a rule ordering defendant to show cause on July 1, 1949, why judgment should not be rendered condemning him to vacate the premises in question. The petition, after making reference to the execution of the lease and setting forth some of the provisions thereof (including those above quoted), contains the following allegations:
"Defendant violated the terms of said lease by allowing the windows to be covered with wrapping paper or discarded signs, giving the premises a disreputable appearance, and by affixing advertising in the windows of the leased premises objectionable to lessor without obtaining lessor's written consent therefor.
"Under date of May 19, 1949, petitioner, through its duly authorized attorneys, notified defendant that because of the above mentioned violations of the terms of said lease, it had exercised its option to cancel the same and accordingly demanded that defendant vacate the premises on May 31, 1949.
"In spite of the provisions contained in said lease, and in spite of said notice, the said defendant has failed to vacate said stores and is presently occupying the same contrary to the wishes of your petitioner, and your petitioner desires and is entitled to the summary process provided by law to dispossess defendant as its tenant."
On the designated return day of the issued rule defendant tendered exceptions of prematurity, of vagueness, of no right and no cause of action, and of lack of proper citation. At the same time he answered denying that any of the conditions of the lease had been violated. Also, he pleaded in his answer as follows:
"Further answering, defendant shows that he has operated said business in a dignified manner; that upon objection being made by the plaintiff in rule as to certain appearances of said business, he has endeavored to correct same, and has corrected same; that the complaint herein arises purely from an aesthetic viewpoint, and not otherwise. That the plaintiff in rule objected to respondent having a sign in his window quoting price of baseball shoes, and that upon receiving said complaint, respondent went so far as to remove said sign.
"Respondent further shows that the plaintiff in rule is motivated by ulterior purposes in that he is seeking to obtain *305 possession in order to rent said business at a higher price, and to derive greater profit.
"Respondent further shows that he has paid his rent for June, 1949 which has been received without protest, and that he further pleads estoppel."
The district judge considered first defendant's several exceptions and, after hearing arguments thereon, overruled them. Then the rule was tried on its merits, resulting in the eviction judgment from which the defendant is appealing.
In this court appellant reurges his plea of estoppel, his exceptions of prematurity and of no cause of action, and he assigns error to the ruling on the merits.
From the record we find that on numerous occasions since the execution of the lease plaintiff notified defendant, both verbally and in writing, of alleged violations of certain provisions of the lease, and it called upon him to comply with his agreement. For example, in a letter of date January 27, 1949, plaintiff stated:
"This will constitute formal notice that you have defaulted in carrying out the terms of your lease covering the premises, XXX-XXX-XXX and 121 South Rampart Street, in the following respects:
"1. You have failed to pay the rent for the month of January, 1949, although it became due on the first day of the month;
"2. For the past several months, you have discontinued the use of the premises for the purpose for which they were rented;
"3. Some of the windows are still covered with wrapping paper, which gives the premises a disreputable appearance;
"4. You have affixed advertisements in the windows of the leased premises which are objectionable to us without obtaining our written consent therefor; all of which is in violation of the terms of the lease and the rules and regulations of the last page thereof.
"Please take notice that unless the above defaults are remedied within a period of ten days we shall exercise our legal rights under the lease."
Later, specifically on May 19, 1949, and at a time when the rent was not in arrears, plaintiff, through its attorneys, addressed to defendant the following communication:
"By letters dated October 22, 1948, November 15, 1948, January 27, 1949, February 2, 1949, February 9, 1949, February 22, 1949 and March 2, 1949, you were notified in writing of various defaults under your lease with Canal Realty & Improvement Co., Inc., and you have failed to cure all the defaults complained of, except that you have paid the rent, although always late.
"You have continued to violate the terms of the lease in the following respects: (1) some of the windows are still covered with wrapping paper or discarded signs, which gives the premises a disreputable appearance; and (2) you have affixed advertisements in the windows of the leased premises, which are objectionable to lessor, without obtaining lessor's written consent therefor.
"On behalf of Canal Realty & Improvement Co., Inc., we hereby notify you that under the 37th clause of the lease it has exercised the option of cancelling the lease and, accordingly, demands that you vacate the premises on May 31, 1949.
"Please take notice that if you should fail to do so we will institute legal proceedings to obtain possession of the premises and hold you responsible for any damages suffered by lessor, together with attorneys' fees provided for in the lease."
The pertinent provisions of clause No. 37, referred to in the last quoted letter, read: "Should the Lessee at any time violate any of the conditions of this lease * * * and should such violation continue for a period of ten days after written notice has been given Lessee, then the rent for the whole unexpired term of this lease shall, at Lessor's option, without putting Lessee in default, at once become due and exigible; and in such event, Lessor shall have the option either at once to demand the entire rent for the whole term or to immediately cancel this lease, without putting Lessee in default, Lessee to remain responsible for all damages or losses suffered by Lessor, Lessee hereby assenting thereto, and expressly waiving the legal notices to vacate the premises. * * *"
*306 Defendant did not vacate the premises on May 31, as the letter of May 19, demanded, or on any other date. Instead, on or about June 10, he paid to plaintiff, and it accepted, the rent due for the entire month of June.
No further written notice was given to defendant, either to vacate the premises or to remedy the asserted violations. Nevertheless, on June 27, after having accepted rent for the month of June and without tendering back any part of it, plaintiff resorted to this eviction action which defendant now contends was prematurely filed.
In passing upon this prematurity contention of defendant it is important and necessary to consider the effect of plaintiff's acceptance of the June rent. Regarding it counsel for plaintiff state in their original brief: "Defendant repeatedly promised to cure these defaults and, relying upon his promises, plaintiff accepted the June rent. This acceptance of the rent in no wise waived the other defaults. The rent for June is fully earned, as defendant occupied the premises for that entire month. The judgment dispossessing the defendant was rendered and signed on July 5, 1949, and defendant has paid no rent from July 1st to date, although he has occupied the premises continuously. It is quite true that the acceptance of the rent after its due date in June cured the default as to the non-payment of the rent, but certainly not the other defaults complained of, which were never cured. Even if it be contended that the acceptance of the June rent waived the cancellation of the lease on May 31st, certainly lessor had the right to cancel the lease at any time thereafter because of lessee's continued violations of the terms of the lease.
Also, in a supplemental brief, plaintiff's counsel say: "* * * The record further shows that sometime during June, 1949, defendant tendered the June rent, which was payable in advance, and, at the same time, promised that he would cure the default's complained of, and in order to give him another chance, plaintiff accepted the June rent, subject to the condition that the defaults would be cured. * * *"
If, as counsel state, the June rent was accepted with the understanding that defendant would cure the defaults, it would seem that under no circumstances could plaintiff rightfully institute this action prior to July 1 (it was filed June 27), for such an agreement would imply that defendant had the entire month of June in which to adopt his promised remedial measures.
But if such be not the correct import of the litigants' understanding, it is certain that the acceptance of the June rent effectually vitiated the letter or notice of May 19. The acceptance, in other words, constituted a waiver of that notice and a forgiveness as to any and all previously committed infractions, and it served to reinstate the lease as of that time.
Plaintiff's counsel take the position, however, that even though the May 19 letter was vitiated it was unnecessary that defendant be given any further notice to vacate (a notice is required by the eviction procedural statute cited supra), because the lease contract executed by him contains a provision (above quoted) whereby he expressly waives the notice. Whether or not that statutory notice to vacate can be waived contractually, or was legally waived by this defendant, is a question which we need not and do not now determine. Conceding for the sake of argument that such a waiver by agreement is legal there is lacking here on other notice, required by the contract itself, the giving of which is a prerequisite to the cancellation or termination of the lease and, necessarily, to an eviction suit. In clause No. 37 of the contract, as is shown by the part thereof quoted above, it is stipulated that should any violation of the conditions of the lease continue for a period of ten days after written notice has geen given lessee the lessor shall have the option either at once to demand the entire rent for the whole unexpired term or to immediately cancel the lease. Subsequent to the vitiation of the May 19 letter and to the reinstatement of the lease, which resulted from the payment of the June rent, plaintiff did not give to defendant this clearly contemplated ten days' notice of its exercise of the option to cancel or terminate the contract. This being true it follows that the instant eviction action was prematurely instituted.
*307 This conclusion makes unnecessary a determination of the question, presented by the merits of the case, of whether or not the defendant committed the alleged violations of the contractural provisions.
For the reasons assigned the judgment of the district court is reversed and set aside and this suit is dismissed at the costs of plaintiff.