95 So.2d 616

John F. ARMS

v.

Edward P. RODRIGUEZ.

No. 43163.

May 6, 1957.

Amos L. Ponder, New Orleans, for defendant-appellant.

Clarisse P. DeReyna, Arthur L. Ballin, New Orleans, for plaintiff-appellee.

FOURNET, Chief Justice.

The defendant, Edward P. Rodriguez, is appealing from a judgment condemning him to vacate, without delay, the premises designated 2010–2012 St. Charles Avenue in New Orleans, and to deliver possession thereof to plaintiff, John F. Arms.

According to the record, on August 26, 1955, the defendant, who had been operating a business known as Butter Krisp Restaurant at the above address as owner of that property, executed a deed of sale of the said property to the plaintiff;[1] and at the same time the parties entered into a lease covering the premises, the term thereof being 20 years, at a stated monthly rental of $465.93 for the first five years and $725 for the remaining fifteen. In the lease is found the stipulation that "Lessee agrees and binds itself [himself] : (a) To pay punctually all City, State and Federal Taxes, or any other taxes, except Income and Inheritance Taxes, which may be levied or assessed against the property, and to deliver to Lessor all tax receipts for same * * *," and another stipulation providing that "Should the Lessee at any time violate any of the conditions of this lease; or fail to pay the rent, water bill (or other expenses assumed under this lease), punctually at maturity, as stipulated; * * and should such violation continue for a period of ten days after written notice has been given to the Lessee, then the rent for the whole unexpired term of this lease shall, without putting Lessee in default, at once become due and exigible; and in such event, Lessor shall have the option either at once to demand the entire rent for the whole term, or to immediately cancel this lease, without putting Lessee in default, * * *."

The factual basis for this action is that the defendant failed to pay, when due, the real estate taxes assessed by the City of New Orleans for the year 1956[2] and on March 21, 1956, the plaintiff sent to defendant, by certified mail, a letter in which, after calling attention to the provision of the lease requiring him to pay punctually all State and City taxes levied against the property, and to deliver to lessor all tax receipts, requested him to surrender "the 1956 City tax receipt for the taxes which are now past due." An additional para-

---

1. The consideration was $85,000, the defendant reserving an option to repurchase the said property for the price of $110,000 cash at any time during the ten years following date of sale; but said option was to become null and void in event the lease was cancelled pursuant to any of its provisions.

2. Under the City's plan of payment, such taxes became due on January 1, 1956; they could be paid in two installments, half in January and half in July, but failure to pay the first installment before January 31, 1956, caused the entire bill to become due as of that date, and delinquent thereafter.

graph requested "that the current month's rent be paid promptly on its due date, March 26, 1956." The record shows that the said rent, covering the month of April, was paid by check dated "3–29–56" and was accepted by plaintiff; it also shows that the rent for the following month, May, was paid by check bearing the date "4–28–56" and was cashed by the plaintiff. However, the rent for the month of June, which became due on May 26, tendered by check dated "5–28–56," was refused, and on May 30, 1956, the plaintiff sent a letter to defendant advising that he, the defendant, had been formally notified on March 21, 1956, that the 1956 taxes had not been paid and that more than ten days had elapsed since that notification but the taxes still remained unpaid; that the plaintiff was therefore exercising the option contained in the lease to cancel, and accordingly he was formally notifying him, the defendant, to vacate the premises within five days. The defendant having failed to do so, this rule for possession was filed on June 19, 1956.[3]

The defendant contends that the action of the plaintiff in accepting rental payments for the months of April and May subsequent to the notice of violation alleged to have been given by letter of March 21st constituted a waiver of the notice, and as a consequence this action was premature, citing Canal Realty & Improvement Co., Inc., v. Pailet, 217 La. 376, 46 So.2d 303.

In the cited case it appears that the lessor on numerous occasions had notified the lessee, both verbally and in writing,[4] of alleged violations of certain provisions of the lease and had called upon him to comply with his agreement; that on the 19th of May, 1949, it again addressed him by letter, advising that it, the lessor, was exercising its rights under the lease by declaring the lease cancelled, and notifying him to vacate on May 31st—which was ignored by the lessee; and on the 27th of June the lessor instituted proceedings to evict, despite the fact that on the 10th of that month it had accepted payment of the rent due for the month of June. This Court, with Mr. Justice Hamiter as its organ, held *"that the acceptance * * * constituted a waiver of that notice and a forgiveness as to any and all previously committed infractions, and it served to reinstate the lease as of that time."* (217 La. at pages 384–385, 46 So.2d at page 306) (Emphasis supplied.)

3. On May 31, 1956, the plaintiff had paid the City taxes and the interest assessed because of delinquency; on June 1 the defendant paid the same taxes and interest, and caused plaintiff to be notified of the dual payment. In due course the plaintiff's money was refunded by the Department of Finance.

4. The letters were dated October 22, 1948, November 15, 1948, January 27, 1949, February 2, 1949, February 9, 1949, February 22, 1949, and March 2, 1949.

Counsel for the plaintiff, however, argue here that the holding in that case is not controlling for the reason that there the rent was accepted after the notice of cancellation had been given, whereas here no money for rent was accepted after the notice of eviction was served—the tender made of rent for the month of June having been specifically refused.

■ There is no substance to this argument for, according to their contract of lease, which is the law between the parties, if the violation complained of continued for a period of ten days after written notice thereof had been given to the lessee, *"then the rent for the whole unexpired term of this lease shall * * * at once become due and exigible * * *."* The acceptance by the plaintiff of the two rent installments for the months of April and May constituted a waiver of the above provisions of the lease, placed there for his benefit and protection; and, as stated in the Canal Realty case, supra, constituted a forgiveness of all previously committed infractions and served to reinstate the lease as of that time. In other words, the lessor did not choose to take advantage of the contractual right that flowed to his benefit to have the rent for the whole unexpired term of this lease at once become due and exigible—in which event the lessor had the option to demand the entire amount at once or to immediately cancel the lease —but instead preferred to accept the rent in accordance with the lease, thereby forgiving the previous infractions.

■ Plaintiff's argument that the additional provision in the lease—"The receiving by Lessor, or Lessor's representative of any rent in arrears, or after notice or institution of any suit for possession, or for cancellation of this lease, will not be considered as a waiver of such notice or suit, or of any of the rights of Lessor"— is controlling, does not impress us, for this clause clearly has no application to the facts under consideration here.

■ In any event, on the trial of the rule on the merits the plaintiff failed to prove that the defendant had received in writing, as provided by the lease, the required notice of the violation forming the basis of this suit—the defendant having denied receiving such a letter. The only proof adduced to support the allegation was a carbon copy of a letter dated March 21, 1956, addressed to the defendant at his place of business, sent by certified mail, with a return receipt indicating delivery. There was also introduced a copy of another letter to the defendant, of similar import and sent to the same address by the same method of delivery, bearing date April 25, 1956; and while the name "Mr. Edward P. Rodriguez" was written on the

top line of the return receipts, they were signed respectively by "Myrtie Smith" and "Mrs. D. Butler," the defendant explaining that Myrtie Smith was the name of a waitress-employee but he knew of no employee named D. Butler, knew only a Negro named Clarence Butler who was his chef. The plaintiff failed to avail himself of a subpoena to prove that these persons did in fact, if they did, turn the letters over to the defendant; consequently the plaintiff was without right to evict the defendant.

For the reasons assigned the judgment appealed from is annulled and set aside, and plaintiff's suit is dismissed at his cost.

PONDER, J., recused.

McCALEB, Justice (concurring).

I take no issue with the factual finding of the court that plaintiff has failed to prove that the defendant had received in writing, as provided by the lease, the required notice of the violation forming the basis of this suit and it is for this reason alone that I concur in the decree.

It appears to me that this resolution of fact should end the case and that the other ruling of the court, that the lessor waived the right to insist on cancellation of the lease by accepting rent for the months of April and May after he had notified lessee of his failure to comply with the provisions of the lease in not paying the taxes, is superfluous. However, since this finding appears to be the principal ground on which the decision is pitched, I feel that it is appropriate for me to express my inability to subscribe thereto.

It is my opinion that, after notice of violation of the provisions of the lease had been given, it was perfectly proper for the lessor to accept monthly rental without waiving his right to insist upon cancellation of the lease. Surely, it cannot rightly be deduced that the acceptance of current monthly rent operated as a waiver of the lessee's obligation to punctually pay the city and state taxes due by him. Nor do I believe that such acceptance constituted a waiver of the option given lessor to cancel the lease at any time after the expiration of the ten day period given in lessor's notice, as provided by the contract.

I realize that the holding herein finds substantial support in the decision of Canal Realty & Improvement Co., Inc., v. Pailet, 217 La. 376, 46 So.2d 303. However, since I am presently convinced that the holding in that case is not correct, I must respectfully disagree with the similar ruling in this matter.

I concur in the decree.