PRICE, Judge.
A rule was brought by B. S. Landis, Jr., et al. against J. O. Smith, seeking to have Smith vacate lands in Franklin Parish that were being leased for agricultural purposes. Smith initially possessed the lands under a written lease dated March 21, 1966, which provided a five-year term. The lease agreement stipulated that should any default occur under the obligations of the lease by either party, the other party could terminate the lease by giving a 90 day written notice. A portion of the land was leased on a cash rental basis with the rental payments of $1,250.00 to be paid semi-annually on December 1st and June 1st of each year during the term of the lease. On December 1, 1967, Smith failed to pay the rental then *191 due and Landis gave written notice through his attorney that the lease was terminated and that Smith would be expected to vacate within 90 days.
On December 22, 1967, the parties entered into a written agreement releasing from the effect of the March 21, 1966 lease a 50 acre tract of land which Landis and his co-owners had agreed to sell to the Winnsboro Chamber of Commerce. This agreement contained a clause relative to the continuation of the written lease which reads as follows:
“It is understood and agreed, however, that the obligations, rights, responsibilities, and agreements under the aforesaid lease shall remain in full force and effect as to the remaining portion of the property leased thereby.”
In plaintiffs’ petition for a rule to show cause they allege that the lessee is possessing under a verbal lease agreement on a year-to-year basis. They also allege that the parties agreed that should a certain option to purchase the remainder of the property be exercised by the holder, then Smith would surrender possession of the property.
Defendant, in answer, denied these allegations and asserted that he held possession under the written lease which had never been terminated.
After a trial of the rule the district court rendered judgment ordering defendant to surrender possession. In the written judgment it is recited that the court was of the opinion that the written lease had been terminated on December 8, 1967, and that the subsequent verbal agreement was terminated on December 31, 1968.
Defendant filed this devolutive appeal from the judgment of the trial court and charges the trial court with a number of errors. We only find it necessary to consider defendant’s complaint that the trial judge erred in finding that the written lease contract had been dissolved.
Plaintiffs contention that the written lease was dissolved by the giving of notice and a new verbal lease on a yearly basis substituted in its place is not supported by the evidence or the law.
Although Smith committed a breach of the lease entitling plaintiffs to terminate in December of 1967, the notice declaring the lease terminated because of non-payment of rent was voided by the subsequent actions of the parties. The declaration in the release agreement dated December 22, 1967, is too plain to be susceptible of more than one meaning. Plaintiffs would have us believe this clause was only intended to have effect for the remainder of the 90 day period that would expire before possession could be obtained after notice in accordance with the lease instrument. We do not find any such restrictive language or meaning in this provision. This release agreement was prepared by plaintiffs, and, therefore, any ambiguity should be construed against them.
Defendant’s position is further strengthened by the acceptance of the past due rent by plaintiff during the first few days of January, 1968. In the case of Canal Realty & Improvement Company v. Pailet, 217 La. 376, 46 So.2d 303, the Louisiana Supreme Court held that the landlord’s acceptance of past due rent was a waiver of a previous notice cancelling a lease for a breach of lease conditions. The court held that the lease was reinstated in its entirety.
Plaintiffs’ evidence, which is refuted by defendant, consists solely of the testimony of B. S. Landis, Jr., that after the mailing of the termination notice he and Smith had a conversation in which Smith advised him that he would like to continue leasing the place, and it was agreed that the lease would be on a year-to-year basis with the provision that Smith would surrender possession at any time a proposed sale was made to the Chamber of Commerce. This testimony was not clear as to where and when these conversations took place, nor is *192 this testimony supported by any other corroborative evidence.
“Forfeiture of leases is not encouraged by the courts and will be enforced only when the right thereto is clear beyond a doubt both of fact and law.” Pumillia v. Johnstone, 10 La.App. 126, 121 So. 198 (4th Cir., 1929).
This principle has been consistently followed by the jurisprudence of this State.
We find that the plaintiffs have not borne the burden of presenting sufficient evidence to sustain their demands and that the trial court was in error in finding that the written lease agreement had been terminated.
It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of defendant, J. O. Smith, and against plaintiffs, B. O. Landis, Jr., et al., rejecting their demands, at their costs, including the cost of this appeal.