316 So.2d 175 (1975)
MURPHY OIL CORPORATION
v.
Cosme GONZALES.
No. 6871.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
Rehearing Denied August 5, 1975.
Writ Refused October 17, 1975.
*176 Lemle, Kelleher, Kohlmeyer & Matthews, Charles Kohlmeyer, Jr. and Dando B. Cellini, New Orleans, for plaintiff-appellee.
Uddo & Gertler, M. H. Gertler, New Orleans, for defendant-appellant.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
Defendant has taken a suspensive appeal from a judgment making absolute a rule for possession of premises at 1000 Franklin Avenue in Gretana, Louisiana.

ON MOTION TO DISMISS SUSPENSIVE APPEAL
Appellee moved to dismiss the suspensive appeal because appellant did not answer the rule under oath pleading an affirmative defense entitling him to retain possession of the premises as required by LSA-C.C.P. Art. 4735. The record supports this position so that the appeal will be dismissed as a suspensive appeal with preservation of the appeal as a devolutive appeal. Ducote v. Callico, 307 So.2d 642 (La.App. 4th Cir. 1974).

ON THE MERITS
Plaintiff's petition for possession filed on July 9, 1974, was based on allegations that on October 19, 1968, it leased to defendant the premises under a consignment-dealer agreement, and that by mutual agreement on May 4, 1974, this agreement was terminated. The petition further alleges that from May 4 defendant continued to be lessee on a month to month basis and on June 11, 1974, it gave notice to defendant to vacate the premises, despite which defendant continued to occupy them.
The record supports these allegations so that plaintiff was entitled to the relief it sought. LSA-C.C. Art. 2686, C.C. P. Art. 4701.
The defense at the trial was that the parties abrogated the mutual cancellation agreement of May 4 when a meeting and some conversations took place between representatives of plaintiff and defendant and his attorney and the possibility of defendant's entering into a new lease of the premises was discussed. Suffice it to say that no agreement was ever made and we find no basis for defendant's contention that these discussions had the legal effect of a modification by plaintiff of the mutual cancellation agreement signed by defendant on May 4.
Defendant contends that the mutual cancellation agreement of May 4 was *177 signed by him under duress by plaintiff, but there is no evidence to support this allegation.
On February 4, 1975, after the appeal was lodged in this Court defendant filed for the first time an "EXCEPTION FOR NO CAUSE OR RIGHT OF ACTION" based upon the ground that plaintiff has accepted rental from defendant continually since the notice to vacate to the present date. Attached to his exception is an affidavit by defendant to the effect that he has paid rental to plaintiff continuously from October, 1968, to February, 1975, out of the proceeds of his gasoline sales.
In support of the exception defendant relies on this affidavit and on testimony taken in the trial court long after the date of the judgment appealed from at a trial of a motion brought by plaintiff to increase the amount of the suspensive appeal bond filed by defendant.
Defendant's legal position is sound. "The acceptance of rental tendered after notice to vacate vitiated such a notice and maintained the tenant in possession." West End Landing, Inc. v. Board of Levee Com'rs., 299 So.2d 418 (La.App. 4th Cir. 1974). But defendant has not supplied the proper procedural or evidentiary basis for his position.
An exception of no cause of action may be filed in the appellate court, C. C.P. Art. 2163, but it is considered in the light of the allegations of the petition. In considering such an exception we may not consider any evidence even if properly offered at the trial in support thereof. See Borenstein v. Joseph Fein Caterers, Inc., 308 So.2d 396 (La.App. 4th Cir. 1975). In this case defendant has attempted to support this exception of no cause of action with an affidavit filed for the first time in this Court. We do not deem this affidavit to be a part of the record and have not considered it. See LSA-C.C.P. Art. 2128.
As to the evidence taken at the trial of the motion to increase the amount of the bond, we are not inclined to consider this as a part of the record on appeal because it came after the trial court's jurisdiction over the case was divested except for the limited purposes set forth in C.C.P. Art. 2088. But even if the evidence were properly before us it could not be considered in connection with an exception of no cause of action.
Accordingly, the motion to dismiss the suspensive appeal is granted but the appeal is preserved as a devolutive appeal. The judgment appealed from is affirmed. Defendant is to pay all costs of this appeal.
Affirmed.