388 So.2d 1172 (1980)
Joseph PASSALAQUA
v.
Osmarina MENDEZ.
No. 11223.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1980.
Post, Reinhardt & Rougelot, Daniel A. Post, Metairie, for plaintiff-appellee.
Jesse S. Guillot and John E. Maher, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, BOUTALL and BARRY, JJ.
SAMUEL, Judge.
Plaintiff, the owner of real estate in the City of New Orleans, leased the premises to defendant under a written contract. When defendant allegedly failed to pay the rent for the months of October and November, 1979, plaintiff had a notice to vacate delivered to the defendant and then brought these proceedings for eviction in the First City Court of New Orleans, which granted the eviction. Defendant has taken this devolutive appeal from that judgment.[1]
In this court appellant contends the eviction should be set aside because plaintiff accepted rent after sending the defendant notice to vacate. In support of this position she relies solely on four customer's record copies of personal money orders which will be discussed later in this opinion.
Appellant's legal position is sound. The summary action of eviction is based on the required notice to vacate, and the acceptance of rent after that notice, but before judgment of eviction, vitiates the notice and prevents the lessor from obtaining such a judgment.[2] However, as there is a presumption that the judgment of the trial court is correct, the appellant must point out error, or the appellate court must notice error, in that judgment in order for there to be a reversal or change thereof on appeal.
Other than a motion and order to be recognized as counsel and the motions to dismiss and documents regarding those latter motions, all filed in this court, the record before us contains only the eviction *1173 motion and rule for possession, the notice to vacate, the judgment of eviction and notice thereof, the motion and order of appeal with bond, a defendant application for a new trial, a defendant petition for nullity of judgment, the four exhibits now relied on by appellant, notice of appeal to the plaintiff, judgment dismissing both her motion for a new trial and her petition for nullity of judgment on defendant's own motion, and notations of various services made. The record does not contain a transcript of testimony or any evidence regarding what took place at the trial of the rule.
The four exhibits on which appellant relies appear in the record only as attachments to appellant's petition for nullity and, as we have said, that petition was dismissed on appellant's own motion. The exhibits are four non-negotiable customer's record copies of personal money orders apparently issued by New Orleans banks, dated respectively September 8, October 3, November 30, and December 14, 1979, each in the amount of $250. On each of these copies the indicated payee is a New Orleans corporation, not the appellee.
Even if these exhibits are properly before us, standing alone they are insufficient proof of appellant's contention. The record is entirely devoid of any evidence showing, or tending to show, that there is any connection between the indicated payee and the appellee or that the appellee ever received these money orders, or that, if in fact the appellee did receive those orders, he received them prior to the time he obtained judgment.
Thus, we find the appellant has failed to point out any error in the judgment appealed from which could result in a reversal or change thereof. In addition, our examination of the record fails to reveal any such error.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Originally, a suspensive appeal was granted and the appellee filed motions to dismiss. This court dismissed the suspensive appeal but maintained the appeal as devolutive. Our Docket No. 11,223 (not designated for publication).
[2] LSA-C.C.P. Arts. 4701, 4702, and 4731. And see West End Landing, Inc. v. Board of Levee Com'rs., La.App., 299 So.2d 418; Murphy Oil Corporation v. Gonzales, La.App., 316 So.2d 175.