BOUTALL, Judge.
This case involves a lessor’s right to cancel a lease after accepting payment of rent subsequent to the giving of the notice of cancellation. The lessor appeals from an adverse judgment.
The lessor Ernst Food Mart, Inc. d/b/a Adolph H. Ernst Real Estate entered into a contract of lease with the appellee, Jackson-Atlantic, Inc. d/b/a World Bazaar, which was to commence on or before September 15, 1970. The duration of the lease was for ten years with two five year options to renew in favor of the lessee World Bazaar. The rent was set at $1,833.00 per month with an additional “percentage rental” of five percent of the gross sales volume over the amount of $439,920.00 per year. The lease provided that the lessee was to provide a certified quarterly sales report and a certified annual audit to the lessor in order to verify the sales figures. The lease also provided that, if lessee failed to comply with any provision of the lease within ten days after notice by lessor demanding same, the lessor had the right to cancel the lease.
During the years of 1971 through 1980, Latter and Blum, Inc., who acted as accounting and leasing agent for the lessor, repeatedly had to request the quarterly and annual reports from the lessee in order to verify the gross sales figures of the lessee. As of 1980, no “percentage rental” had been collected because the gross sales figures of the lessee did not exceed the requisite amount.
On February 21, 1980, the lessee World Bazaar expressed its opinion in a letter to the lessor that it would like to exercise its five year option to renew the lease and that it presumed that it was in compliance with *1273 the terms of the lease. The lessor replied on February 26, 1980, that the lessee was in default of the lease agreement for not submitting all of its quarterly and annual reports timely, that the lease was therefore cancelled, and that the lessee was to vacate the premises as of May 1, 1980. On March 4, 1980, the lessee acknowledged receipt of the lessor’s letter and assured the lessor that it would comply with the terms of lease within the ten day period allowed for in the lease. Latter & Blum, Inc. verified in a letter dated March 13, 1980, that it received most of the quarterly and annual sales reports but that some of the reports had still not been received. By March 25, 1980, the lessor received all of the sales reports required by the lease, but on March 28, 1980, the lessor stated that the ten day period had expired thereby effectively can-celling the lease and that the premises must be vacated as of May 1, 1980. However, the lessor received and accepted payment of rent for the months of March, April, May, and June of 1980, within the first week of each of those months.
The trial court was of the opinion that there had been no breach of the lease agreement which would warrant its cancellation and that the plaintiff lessor’s actions were precipitated solely because of lessee’s attempt to exercise its option of renewal.
The issues that confront this court can be summarized as whether the lessee complied with the terms of the lease and whether the acceptance of rent after notice of cancellation of the lease in effect waives such a notice.
The appellant argued that the lessee breached the lease agreement when all the sales figures were not submitted timely and the lease was therefore cancelled. The ap-pellee responded that the terms of the lease had been substantially complied with because the violations were innocuous and that the lessor’s acceptance of rent after the notice of cancellation had been given served as a waiver of such a notice.
The facts reflect that the lessee had been given a notice of default and therefore had ten days to comply with the conditions of the lease. Although the lessee submitted most of the reports required by the lease agreement, it did not submit all of its reports within ten days after notice had been given. The requirement as to the quarterly and annual reports was a significant factor in the consideration for this lease. The purpose of this requirement is to afford the lessor a basis upon which it could determine if the sales percentage was due and whether the proper rent had been received. This court is of the viewpoint that once the notice of default was given, the lessee had ten days to totally comply with the terms and conditions of the lease or be subject to cancellation. We find that the lease agreement had been breached because of the failure of the lessee to timely file its sales reports. Chevalier v. Duvigneaud, 292 So.2d 779 (La.App. 4th Cir. 1974); Iacoponelli v. Curro, 260 So.2d 166 (La.App. 4th Cir. 1972). As a result of the breach of the lease agreement, the lessor had the right to demand the cancellation under its terms— See also LSA-C.C. Art. 2729. Illinois Central Gulf Railroad Company v. International Harvester Company, 368 So.2d 1009 (La. 1979).
However, the major issue in this case is the question of whether the cancellation of the lease was waived upon acceptance of rent after the notice of cancellation was given. On March 28, 1980, the lessor gave the lessee notice of cancellation because of lessee’s violations of the lease and requested the lessee to vacate the premises by May 1, 1980. But the lessor accepted rent for the months of March through June of 1980, in the first weeks of those months. The jurisprudence has been consistent in holding that when rental payment has been accepted after a notice to vacate has been given, the notice is vitiated and the tenant’s possession is maintained. Flores v. Gondolier, Ltd., 375 So.2d 400 (La.App. 3rd Cir. 1979); Murphy Oil Corporation v. Gonzales, 316 So.2d 175 (La.App. 4th Cir. 1975); West End Landing, Inc. v. Board of Commissioners, 299 So.2d 418 (La.App. 4th Cir. 1974); Arms v. Rodriguez, 232 La. 951, 95 So.2d 616 (1957).
*1274 The courts have also consistently held that when a landlord accepts rental tendered by his tenant after a notice or cancellation and a notice to vacate have been given, such acceptance vitiates notice and the lease agreement is reinstated. Four Seasons, Inc. v. New Orleans Silversmiths, 223 So.2d 686 (La.App. 4th Cir. 1969); Canal Realty & Improvement Company v. Pailet, 217 La. 376, 46 So.2d 303 (1950); Landis v. Smith, 227 So.2d 190 (La.App. 2d Cir. 1969).
In this instance, the lessor accepted rental payments after the notice of cancellation had been given; therefore, such notice is vitiated and the lease agreement is reinstated.
For the above reasons, the judgment of the trial court in favor of the defendant Jackson-Atlantic, Inc. d/b/a World Bazaar and against Ernst Food Mart, Inc. d/b/a Adolph H. Ernst Real Estate is affirmed. All costs of this appeal are to be paid by the appellant.
AFFIRMED.