506 So.2d 177 (1987)
Ross J. CAMPESI
v.
Donald MARINO, et al.
No. 86-CA-761.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
*178 Barry J. Landry, Becnel, Landry & Becnel, Reserve, for defendants-appellees.
Sidney A. Marchand, III, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, for plaintiff-appellant.
Before CHEHARDY, C.J., and GAUDIN and GOTHARD, JJ.
CHEHARDY, Chief Judge.
In this proceeding, plaintiff-lessor, Ross J. Campesi, is attempting to enforce the terms of a lease. From an adverse judgment by the trial court, the plaintiff appeals.
On March 31, 1983, Campesi leased certain farmlands to Donald and Daniel Marino pursuant to a written contract.
The lease provided, in pertinent part:
"The rental to be paid to Lessor by Lessee shall be a percentage of the gross proceeds from the sale of all soybeans grown on said property and in accordance to the following schedule:

Market Price Per Percentage due
Bushel of Soybeans Lessor
 $0 to $7.00 16.6%
 $7.01 to $8.00 20%
 $8.01 to $9.00 25%
 $9.01 or over 30%

Should the market price per bushel of soybeans exceed $7.00, then the percentage due Lessor shall increase incrementally as set forth hereinabove. It being further agreed that Lessee guarantees to pay Lessor a minimum of $35.00 per acre."
Under the terms of the lease, the Marino brothers were delinquent with rental payments when, on December 27, 1983, Campesi sent them a letter placing them in default and giving them notice of cancellation of the lease effective December 27, 1983. The Marinos responded to the letter by paying the full amount due according to the sliding percentage clause of the lease. This sum was greater than $35 per acre. Campesi accepted payment and the Marino brothers farmed the leased lands during 1984. The Marino brothers paid rent to Campesi in 1984 based on the sliding percentage clause. That rental payment was, however, less than required by the minimum payment clause. Campesi sued for the difference in the amount paid and $35 per acre.
The trial court admitted parol evidence to prove the existence of an alleged oral agreement between the parties requiring Campesi to delete from the lease the clause setting the minimum rental payment at $35 per acre. On the issue of whether the lease, as written, was in effect during 1984, judgment was rendered in favor of Donald and Daniel Marino. The trial court determined that the lease of March 31, 1983 was cancelled by Campesi in the letter of December 27, 1983 for failure to pay rent and that the 1984 rent was based on a verbal agreement between the parties of which the minimum rental clause was not a part. From this part of the judgment, plaintiff appeals.
*179 Plaintiff contends the lease, as written, was in effect in 1984. He contends that the payment and the acceptance of the past-due rent vitiated any effect of the letter of December 27, 1983, and the parties continued to operate under the written contract of March 31, 1983.
By his letter dated December 27, 1983, Campesi advised Marino that the lease was cancelled due to nonpayment of rent. Subsequently Campesi accepted payment of the 1983 rent. No additional rent was due at that time and the notice of default no longer had a basis. It is well established that the acceptance of rent after notice vitiates the notice. Arms v. Rodriguez, 95 So.2d 616 (La.1957); Ernst Food Mart, Inc. v. Jackson-Atlantic, Inc., 405 So.2d 1272 (La.App. 4 Cir.1981); Passalaqua v. Mendez, 388 So.2d 1172 (La.App. 4 Cir.1980); Flores v. Gondolier, Ltd, 375 So.2d 400 (La.App. 3 Cir. 1979). Thus, the lease was not cancelled by the letter of December 27, 1983.
The trial court admitted testimony concerning an alleged oral agreement between the parties to delete the minimum rental clause from the lease. Daniel Marino testified that Campesi agreed to delete the minimum rental clause from the lease in a telephone conversation on March 31, 1983. He further testified that, "I take [sic] his word at it and I signed the lease and I sent it to him." Clearly, from this testimony, the alleged oral agreement occurred prior to the signing of the lease by the Marino brothers.
While parol evidence is admissible to prove a written lease was altered or modified by a subsequent agreement, parol evidence pertaining to conversations which preceded the confection of the written lease are inadmissible. Wahlder v. Osborne, 410 So.2d 808 (La.App. 3 Cir.1982), writ denied 414 So.2d 378 (La.1982); Allison v. McFaul, 405 So.2d 1113 (La.App. 4 Cir. 1981); Baton Rouge Sash & Door Company, Inc. v. Saale, 298 So.2d 115 (La.App. 1 Cir.1974). Therefore, the parties are bound by the terms of the written lease signed on March 31, 1983.
For the foregoing reasons, the judgment appealed from is reversed in part and there is now judgment in favor of the plaintiff, Ross J. Campesi and against the defendants, Donald and Daniel Marino. Further, we hereby remand the case for a determination of the amount owed to plaintiff. In all other respects the judgment is affirmed. Costs are to be paid by appellees.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.