Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,414-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DUNG PHAM                                              Plaintiff-Appellee

versus

CAREY GIX                                              Defendant-Appellant

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2023E00268

Honorable Jefferson Bryan Joyce, Judge

* * * * *

CAREY GIX                                              In Proper Person,
                                                       Appellant


LAW OFFICES OF KATRINA                                 Counsel for Appellee
R. JACKSON
By: Katrina R. Jackson


* * * * *

Before STEPHENS, THOMPSON, and ROBINSON, JJ.

**ROBINSON, J.**

Carey Gix ("Gix"), the lessee, appeals, pro se, an eviction ordered by Monroe City Court on February 15, 2023, based on failure to pay rent to the lessor, Dung Pham ("Pham").

For the reasons set forth below, we AFFIRM.

## FACTS AND PROCEDURAL HISTORY

Gix rented a residential property from Pham located on Shannon Street in Monroe. The last lease entered into between the parties was a renewal lease for the six-month period from July 2022 to January 2023. According to Pham's testimony, the eviction that is the subject of this appeal is the third filed by Pham against Gix. The second eviction filed resulted in an eviction judgment dated July 11, 2022, for which Gix subsequently filed a suspensive appeal. During the time the July 2022 eviction was ordered, Gix was able to receive public rental assistance and pay the past due rental amounts, and Pham agreed to accept the past due amounts and enter into the July 2022 lease. Gix's 2022 appeal was abandoned.

Under the July 2022 lease, Gix made full payments for the months of July through September, and a partial payment of one-half the rental amount for October. No other payments had been made as of the time of the February 2023 eviction. Pham's attorney, Katrina R. Jackson & Associates ("Jackson"), took over the management of the property pertaining to rental collection in October 2022. The timeline from the record is somewhat unclear, but Jackson's office claims to have repeatedly attempted to contact Gix regarding the nonpayment of rent for October 2022 through January 2023, but received no response until January 2023. It appears Gix was in

contact with the attorney who handled her previous eviction matter(s) in October 2022 regarding obtaining further public rental assistance, and in December 2022 and January 2023 for help in contacting Jackson. However, she did not officially retain the attorney for representation in this particular eviction matter.

A third eviction notice was filed by Pham against Gix for nonpayment of rent on January 24, 2023. Around that time, Gix offered to make partial payment of the past due rent, claiming she was awaiting additional public rental assistance. However, at that point, Pham refused to accept any partial payments from any source and was insistent upon Gix's eviction.

The eviction hearing was held on February 15, 2023, and included testimony from both Pham and Gix. Gix readily admitted that she failed to pay rent, and the amounts and periods of nonpayment were undisputed. The court questioned Pham's counsel regarding his unwillingness to accept past due payments. She responded that even if Pham accepted the three months of overdue rent payments that may be approved by public assistance, Gix would still be one and one-half months behind. She further responded that, even if Gix could provide the total unpaid rent at that point, from whatever source, Pham was still unwilling to accept any payments from Gix due to her ongoing pattern of making late payments, catching up on past due amounts, then ultimately failing to make payments again. The court ultimately granted the eviction, noting simply Gix's undisputed failure to pay rent.

## DISCUSSION

Gix is a pro se litigant who essentially claims that she should somehow be exempted from penalties of her admitted nonpayment, i.e.,

2

eviction, because she was facing some financial hardships due to her car being repossessed and having to wait on public assistance. She also attempts to claim that the eviction is improper because Pham had repeatedly accepted late payments in the past; therefore, her default for nonpayment under the current lease should be waived.

Louisiana courts have consistently held that when a landlord accepts rental rendered by his tenant after a notice or cancellation and a notice to vacate have been given, such acceptance vitiates notice and the lease agreement is reinstated. *Landis v. Smith*, 227 So. 2d 190 (La. App. 2 Cir. 1969); *A & J Inc. v. Ackel Real Estate, L.L.C.*, 20-259 (La. App. 5 Cir. 10/16/02), 831 So. 2d 311; *501 Rue Decatur, L.L.C. v. VTM Properties, LLC*, 13-1586 (La. App. 4 Cir. 5/21/14), 141 So. 3d 861. The acceptance of rent after notice of eviction by the landlord constituted a waiver of that notice and a forgiveness as to any and all previously committed infractions, and it served to reinstate the lease as of that time. *Canal Realty and Improvement Co. v. Pailet*, 217 La. 376, 46 So. 2d 303 (1950); *Campesi v. Marino*, 506 So. 2d 177 (La. App. 5 Cir. 1987); *A & J*, *supra*. Where a lessor notifies a lessee that a lease is canceled due to a violation of the lease and then continues to accept rent payments, the lessor has waived the violation and the lease agreement is reinstated. *A & J*, *supra*; *501 Rue Decatur*, *supra*.

In the instant case, Gix stopped making payments under the July 2022 lease in October 2022, the last payment being made for one-half the rental amount due for the month of October. Pham filed an eviction notice on January 24, 2023, due to nonpayment of rent. Although Gix had offered to

3

make additional partial payments pending expected rental assistance, Pham understandably refused to accept payment, given Gix's history of repeated failures to pay rent timely, if at all. Because Pham never accepted rental payments following the filing of the eviction, he never waived the violation of nonpayment under the July 2022 lease.

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS the eviction granted by the trial court on February 15, 2023. All costs of this appeal are to be assessed to Gix.

**AFFIRMED.**