## WRENN v. MILLER. [1]
### No. 5118.

Court of Appeal of Louisiana. Second Circuit.

June 12, 1935.

P. E. Brown, of Arcadia, for appellant.

R. D. Watkins, of Minden, for appellee.

MILLS, Judge.

W. Q. Wrenn, in possession, and claiming to be the owner, of 120 acres of land in Webster parish, alleges that J. R. Miller induced him to execute for a purported consideration of $1,600, and the assumption of a mortgage amounting to $1,400, a deed to said land. That no cash was paid and assumption of the mortgage was false; petitioner continuing to pay taxes on the land and installments on the mortgage in favor of the Federal Land Bank in New Orleans.

Petitioner alleges that he has never been Miller's tenant, paid him or agreed to pay

*Rehearing denied July 15, 1935.

him any rent, nor possessed the land on any other status than that of owner. That Miller, in the district court of Webster parish, brought suit on two notes which he held, made by petitioner, and in that suit seized the live stock on the place; whereupon petitioner, under the provisions of Act No. 2 of the Second Extra Session of 1934, applied to the moratorium commission and was granted a moratorium on said notes. That believing he was thus protected in his possession, he proceeded to prepare a crop for 1935. That despite the moratorium granted him, Miller instituted ejectment proceedings in said court and is proceeding to execute the resulting judgment of eviction, which is alleged to be a nullity for the following reasons: That it violates the order of the state moratorium commission; that there was never a rent contract between the parties; that said proceedings violate the due process clause of the State and Federal Constitutions (Const. La. 1921, art. 1, § 2; Const. U. S. Amend. 14); and that no notice to vacate was given him.

He prays that the judgment be annulled, its execution permanently enjoined, and that a temporary restraining order issue to protect his possession. He reserves his right to sue for damages caused by his arrest in said eviction proceedings.

A temporary restraining order and a rule nisi issued.

To this petition defendant interposed an exception of no cause or right of action, praying for the dissolution of the restraining order with damages in the sum of $75. The exception was sustained, the restraining order vacated without damages, and plaintiff's suit dismissed.

From this judgment plaintiff was granted a suspensive appeal which is now before us for decision. It is not answered by defendant.

■ The ejectment proceedings were brought under the provisions of Act No. 55 of 1926, which allows a suspensive appeal by defendant where he has made a special defense. All of the matters alleged in plaintiff's petition are matters which should have been interposed in the ejectment proceeding, which would have constituted a special defense and would have entitled the defendant to a suspensive appeal. Lewis v. Provenzano, 5 La. App. 101.

■ An injunction cannot issue to stay execution of a judgment on grounds which might have been pleaded in defense. Cases cited Louisiana Digest, Execution, § 83.

■■ The act provides that the owner:

"* * * Shall give to the tenant a notice in writing to vacate, ten days before the expiration of the month, if the same be a monthly lease, or thirty days before the expiration of the said lease, if the said lease be in writing, and for a term of one or more years or otherwise, other than by the month.

"And if the tenant shall refuse to comply with the said notice, after the expiration of such delay, to remove from the said premises, it shall be lawful for such lessor to cause the tenant to be cited summarily to show cause within two days after service of such rule, to appear before any court having competent jurisdiction, in order to be there comdemned to deliver him the possession of the leased premises."

The notice to vacate is a preliminary process separate and distinct from the citation on the rule. It merely delays the latter.

The allegation of the petition is that plaintiff "has not had a legal notice to vacate and therefore the proceedings and the judgment of eviction dated January 25, 1935, are null ab initio." There is no allegation of lack of citation or that the plaintiff did not appear and defend the ejectment suit, or that there was any fraud in the conduct of said proceedings.

We are of the opinion that the notice to vacate is a necessary preliminary step in an ejectment proceeding under the act, and that the failure to give the notice, if advanced by a plea of prematurity or in defense on the merits, would work a dismissal and delay in the proceeding. But if defendant, after citation, appears and defends on the merits without objection, the failure to give this notice is waived and cannot be urged in an injunction proceeding as a ground of nullity.

■ Furthermore, plaintiff's allegation is equivocal. It is not that no notice to vacate was given, but that no legal notice was accorded. If, as appears, the attack is leveled at the legality of the notice, nothing is pleaded but a conclusion of law.

■ It appears that the moratorium law, Act No. 2 of the Second Extraordinary Session of 1934, was only invoked as to the two notes alleged to have been sued upon. An examination of that act discloses that it applies only to debts and not to rights to possession of real property.

■ There is no suggestion in the petition or in the brief as to how the due process clause was violated. No such violation is apparent.

We are of the opinion that the exception of no cause or right of action was properly sustained. The judgment appealed from is accordingly affirmed.