CARTER, Judge.
This is an appeal by defendant, Bryan Genco, d/b/a Genco’s Amusement Company (Genco), from a summary judgment granted in favor of plaintiff, Bowling U.S.A., Inc. (Bowling), ordering defendant’s eviction from premises owned by plaintiff.
FACTS
Bowling filed a rule against Genco contending that Genco should be required to vacate Bowling’s premises and that certain video equipment, pool tables, and electronic game machines should be removed from the premises. The rule to evict was filed June 26, 1987, and was scheduled for an August 28, 1987, hearing.
On July 8, 1987, a motion was filed to suspend the local rules and to obtain an expedited hearing. An order therein was signed July 8, 1987, transferring the action from Division B to Division C and rescheduling the summary proceeding for July 27, 1987.[1]
On July 24, 1987, Genco filed an exception to the use of summary process and the use of eviction procedure, together with an answer and reconventional demand. Stephen Genco, a brother of the defendant and co-owner of the company, also filed an intervention.
A hearing was held on the rule on July 27, 1987. The trial judge granted the rule, dismissed the reconventional demand on its merits, and made no mention of the third party demand. From this adverse judg *815 ment, Genco perfected this appeal specifying five assignments of error.[2]
Among the issues presented for consideration are whether the contract entered into between Bowling and Genco which placed these coin-operated machines in Bowling’s game room was under an oral month-to-month lease or whether the written contract purportedly entered into by Ms. Debra Briggs, manager of Bowling, and Gen-co was valid. Additionally, there are also serious issues as to the adjudication of the reconventional demand and intervention, as well as issues as to the factual findings of the trial court.
However, before reaching these issues, we note that an examination of the record reveals that plaintiff did not prove its case because plaintiff accepted rental payments after the notice to vacate was issued. The record shows that a written notice to vacate required by eviction proceedings was served on Genco on June 15, 1987. Subsequent thereto Bowling accepted rental payments and continued to accept rental payments up to the date of trial on the summary proceeding.
Dr. David M. Doan, one of the owners of Bowling, testified during the hearing as follows:
Q. But Mr. Genco’s machines are still operating and you are still deriving your half of the profit as of now?
A. Yes.
Further, Genco testified that he was still collecting the profits from the machine and sharing them with Bowling, as follows:
Q. And when is the last time you made a collection?
A. Last Tuesday.
Q. And what was that collection, do you recall?
A. Approximately fourteen hundred dollars.
Q. And that was for one week?
A. One week, right.
Q. Was it, at any time, ever discussed or agreed between Genco’s and Bowling U.S.A. that this would be a month-to-month arrangement?
A. Never.
LSA-C.C.P. art. 4701 provides in part:
When a lessee’s right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
It is well settled in Louisiana law that the summary action of eviction is based on a required notice to vacate, and acceptance of rent after that notice (but before the judgment of eviction) vitiates the notice and prevents a lessor from obtaining such judgment. LSA-C.C.P. arts. 4701, 4702 and 4731. Canal Realty & Improvement Co. v. Pallet, 217 La. 376, 46 So.2d 303 (1950); Housing Authority of Town of Lake Providence v. Allen, 486 So.2d 1064 (La.App. 2nd Cir.1986); Mitchell v. V-6 Company, Inc., 372 So.2d 645 (La.App. 1st Cir.1979), writ denied, 375 So.2d 958 (La.1979); Major v. Hall, 251 So.2d 444 (La.App. 1st Cir.1971), reversed on other grounds, 263 So.2d 22 (La.1972). See also Nathans v. Vuci, 443 So.2d 690 (La.App. 1st Cir.1983); Passalaqua v. Mendez, 388 So.2d 1172 (La.App. 4th Cir.1980); Murphy *816 Oil Corporation v. Gonzales, 316 So.2d 175 (La.App. 4th Cir.1975), writ denied, 320 So.2d 558 (La.1975); West End Landing, Inc. v. Board of Levee Commissioners Orleans Levee District, 299 So.2d 418 (La.App. 4th Cir.1974).
Although a lessor may have a right to rental payments for the occupancy during the time the tenant stays against the landlord’s wishes, acceptance of rent negates the notice to vacate required for summary eviction. Four Seasons, Inc. v. New Orleans Silversmiths, Inc., 223 So.2d 686 (La.App. 4th Cir.1969).
The notice to vacate is an essential part of the summary eviction procedure provided for in LSA-C.C.P. 4701. Without this notice there can be no judgment issued under LSA-C.C.P. 4701.
Therefore, the acceptance of rental payments by Bowling subsequent to the notice of eviction vitiates the notice and maintains Genco’s possession.
This is not to say that there are no proceedings available to evict a tenant when the landlord continues to accept rent during eviction proceedings. Various disputes involving terms and conditions of leases may be resolved by the use of ordinary proceedings, such as suit for declaratory judgment. However, the summary proceeding of eviction is not available when rental payments are accepted after notice of eviction.
Based on the foregoing, the judgment dismissing the reconventional demand is reversed. The eviction judgment rendered by the trial court is vacated. The suit is remanded to the trial court for proceedings consistent with the views expressed herein. Costs are to await a final disposition in this matter.
JUDGMENT REVERSED IN PART, VACATED, AND REMANDED. .

. Although some portions of the record indicates that Honorable Stephen A. Duczer was presiding, the Judge of Division C who actually heard the case was Judge Thomas W. Tanner.

.The Assignments of Error are as follows:
1. The trial court was in error in disregarding or denying the exception filed to the use of the summary and eviction process.
2. The trial court was in error in adjudicating the reconventional demand which had been filed only four days prior to the hearing, for the hearing was confined solely to the rule nisi, and no service had been made or issue joined on the reconventional demand.
3. The trial court was in error in failing to recognize the implied authority of the business manager to enter into this contract on the part of this corporation.
4. The trial court was in error in disregarding the explicit and impartial testimony of the former business manager, who recalled discussing the three-year term with Dr. Doan.
5. The trial court was in error in disregarding the conspicuous absence of a crucial witness, Mrs. Doan.