ItDALEY, J.,
concurring with reasons:
I agree with the majority holding to set aside the eviction order; however, I disagree with the reasons stated. The lease is clearly subject to termination by either party at any time by giving the other party at least thirty (30) days advance written notice.
However, I would set aside the eviction for different reasons. It is well settled in Louisiana that “the summary action of eviction is based on a required notice to vacate, and acceptance of rent after that notice (but before the judgment of eviction) vitiates the notice and prevents a lessor from obtaining such judgment.” Bowling U.S.A., Inc. v. Genco, 536 So.2d 814 (La.App. 1st Cir.1988).
In the case at bar, the evidence shows that the notice to vacate was hand delivered and mailed to the lessee on January 1,1998. The evidence also shows the lessor accepted rental payments from the lessee on February 1, *1200 1998 and March 1, 1998. The notice to vacate was vitiated by the lessor’s acceptance of these payments and lessor no longer had the right of summary eviction. Housing Authority of Town of Lake Providence v. Allen, 486 So.2d 1064 (La.App. 2nd Cir.1986). Accordingly, I would set aside the eviction order on this basis.