NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-215

MANDY BERNARD

VERSUS

PROFESSIONAL PROPERTY MANAGEMENT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20155710
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.

AFFIRMED.

Donald Aubrey Bazer, Jr.
Bazar Law Firm
1001 E. St. Mary Boulevard
Lafayette, LA 70503
Telephone: (337) 261-1000
COUNSEL FOR:
    Defendant/Appellee - Professional Property Management

Mandy Bernard
In Proper Person
P. O. Box 716
Scott, LA 70583
Telephone: (337) 298-2861
    Plaintiff/Appellant

**THIBODEAUX, Chief Judge.**

Mandy Bernard appeals a judgment of eviction in favor of Professional Property Management ("PPM"), the property manager for Ms. Bernard's landlord, Casey Nsue.[1] The eviction suit arose from a lease signed by Ms. Bernard & Ms. Nsue in 2013, in which Ms. Bernard agreed to pay $450 a month to rent a lot in a mobile home park owned by Ms. Nsue. PPM instituted eviction proceedings when Ms. Bernard paid only $200 for rent in September 2015 and did not pay any rent for October 2015. On November 3, 2015, Ms. Bernard received a Notice to Vacate and was given five days to leave the property. Ms. Bernard sent PPM a money order that was purportedly rent payment for October, but did not vacate the premises. On November 10th, the justice of the peace court issued to Ms. Bernard a Rule to Show Cause why she should not be evicted, which was returnable on November 13th.

The parties appeared before the justice of the peace court on November 13th, and that court granted the eviction. Ms. Bernard, a pro se litigant, appealed to the district court, which granted her a trial de novo. Ms. Bernard argued before the district court that there was no unpaid rent. She contended that she and Ms. Nsue had agreed to reduce the rent to $300 per month, that she had lawfully deducted $100 from her September rent for lawn maintenance, and that PPM had accepted rent for October. After a hearing, the district court rendered a Judgment of Eviction. Ms. Bernard has appealed, reasserting her arguments made before the district court and alleging that the Notice to Vacate and Rule to Show

---

[1]Ms. Bernard's landlord is alternatively referred to in brief and in the record as Casey Breaux-Nsue, Casey Nsue-Okomo, and Casey Nsue Comeaux. We will refer to her simply as "Casey Nsue" or "Ms. Nsue."

Cause were procedurally inadequate. For the following reasons, we affirm the judgment of the district court.

## I.

## ISSUES

We shall address three issues raised by Ms. Bernard:

1. whether the Notice to Vacate improperly failed to state the basis for eviction;

2. whether the Rule to Show Cause was made returnable less than three days after it was served on Ms. Bernard, in violation of La.Code Civ.P. art. 4732; and

3. whether the justice of the peace court and the district court erroneously concluded that Ms. Bernard owed unpaid rent.

## II.

## FACTS AND PROCEDURAL HISTORY

Mandy Bernard leased a mobile home park lot for $450 per month from Casey Nsue, the owner of the park. The written lease was undated, though apparently executed at some point in July or August 2013. Its initial term was "for a period of unlimited time." Ms. Bernard apparently continued to lease the lot from Ms. Nsue under the terms of the lease agreement and without incident until 2015.

On March 24, 2015, Ms. Nsue sent Ms. Bernard a message via social media stating that Ms. Nsue's tenants would now pay rent to Ms. Nsue's property manager, who was given "the authority to do whatever she wants except raise rent." The message also reminded Ms. Bernard that "rent is due the full amt [sic] . . . 300.00." Ms. Bernard wrote Ms. Nsue three checks in the following months— two in April and one in May—for $300 each. Around this time Ms. Bernard

2

claims that she informed Ms. Nsue that the lawn near the park lot wasn't being maintained, which was Ms. Nsue's responsibility. According to Ms. Bernard, the lawn was not maintained for the entire summer, and eventually Ms. Bernard paid for the lawn to be mowed and treated. Ms. Bernard withheld $100 from her September 2015 rent payment for the cost of lawn maintenance, paying $200 as rent for the month of September.

PPM began managing Ms. Nsue's property in August or September 2015. They asked all of Ms. Nsue's tenants to sign a new lease in exchange for a reduction in rent from $450 to $300. Ms. Bernard was the only tenant who refused to do so. Shortly after PPM offered Ms. Bernard the new lease, Ms. Bernard paid $200 in rent for the month of September (having withheld $100 for lawn maintenance). On September 17, 2015, PPM sent Ms. Bernard a Late Rent Notice that she owed $160 for the month of September—$100 in rent, plus a $60 late fee. Ms. Bernard did not pay that $160, nor did she make a timely rent payment for October. On November 3, 2015, PPM filed a Petition of Eviction and Order with the Second Ward Justice of the Peace Court in Lafayette Parish to evict Ms. Bernard for non-payment of rent. On that same day, a Notice to Vacate was posted on Ms. Bernard's door. It stated that she was notified and required to vacate the mobile home park lot within 5 days, but did not state the grounds for the notice. Ms. Bernard then sent a money order for $300 dated November 4, 2015 marked "Oct 2015" to PPM. She did not, however, vacate the premises. On November 10, 2015, Ms. Bernard was served with a Rule to Show Cause why a judgment of eviction should not be issued against her. The Rule was made returnable on November 13, 2015.

Both parties appeared before the justice of the peace court on November 13th, and the court granted an eviction and ordered Ms. Bernard to vacate. After the eviction was granted, and apparently with the permission of the justice of the peace court, PPM deposited the $300 money order, which until that time had not been accepted as payment for rent. Ms. Bernard, proceeding pro se, appealed the eviction and was granted a trial de novo before the 15th Judicial District Court. The district court considered testimony from Ms. Nsue and Joann Bazer, a representative of PPM, as well as an affidavit from Ms. Bazer stating that Ms. Bernard had not paid rent for the months of September, October, and November. PPM also presented a "Tenant Payment History Report" for the months of September, October, November, and December. The report stated that Ms. Bernard's rent was $450 a month, and that PPM had collected $200 in September and $300 in November, but that Ms. Bernard owed $1300 in rent. Based on this evidence, the district court found that Ms. Bernard "did not pay the rent timely" and rendered a Judgment of Eviction. From that judgment, Ms. Bernard filed a timely appeal.

III.

## LAW AND DISCUSSION

### Notice to Vacate

Ms. Bernard argues that the Notice to Vacate was insufficient because it did not inform her of the grounds of eviction. Whether the Notice to Vacate adhered to the requirements of Louisiana law is a legal question, which we review de novo. *Cleco Evangeline, LLC v. La. Tax Comm'n*, 01-2162 (La. 4/3/02), 813

So.2d 351. Louisiana Code of Civil Procedure Article 4701 states, in pertinent part:

> When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.

The Louisiana Code of Civil Procedure does not require the grounds for eviction to be explicitly stated on a notice to vacate. Moreover, in this case, Ms. Bernard was informed that rent was due by the Late Rent Notice of September 17, 2015. PPM complied with the legal requirements for a notice to vacate. This argument has no merit.

### Return Date of Rule to Show Cause

Ms. Bernard next argues that the justice of the peace court erred in making the Rule to Show Cause, which was served on November 10, 2015, returnable on November 13, 2015. Ms. Bernard notes that November 11th, Veterans' Day, was a holiday, and therefore argues that the return date on the rule violated La.Code Civ.P. art. 4732. This issue also presents a question of law, and accordingly is also reviewed de novo. *Cleco Evangeline*, 813 So.2d 351.

Louisiana Code of Civil Procedure Article 4732(A) governs the return date for a rule to show cause in an eviction lawsuit. It provides: "The court shall make the rule returnable not earlier than the third day after service thereof, at which time the court shall try the rule and hear any defense which is made."

Louisiana Code of Civil Procedure Article 5059 states how the time periods prescribed by law are calculated (emphasis added):

> In computing a period of time allowed or prescribed by law or by order of court, **the date of the act, event, or default after which the period begins to run is not to be included**. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
>
> A half-holiday is considered as a legal holiday. **A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when**:
>
> (1) It is expressly excluded;
>
> (2) It would otherwise be the last day of the period; or
>
> **(3) The period is less than seven days.**

November 11th—Veterans' Day—is a legal holiday in Louisiana. La.R.S. 1:55(A)(1). Since the period after which a rule to show cause in an eviction suit can be made returnable is less than seven days, November 11th should not have been included in the calculation of the period. The three-day period should have been calculated starting on November 12th, and the trial court erred in making it returnable on November 13th.

However, we find that Ms. Bernard waived her objections to the return date and, in any case, was not prejudiced by the justice of the peace court's error. The law does not specify consequences of procedural defects under La.Code Civ.P. art. 4732(A), but technical defects in procedure in eviction suits can be waived if not timely raised. *See Investor Inns, Inc. v. Wallace*, 408 So.2d 978 (La.App. 2 Cir. 1981) (finding that the defendant waived objections to sufficiency of notice to vacate by failing to raise the issue at trial); *Albrought v. Porter*, 64

6

So.2d 24 (La.App. 1 Cir. 1953) (indicating that objections to technical defects in citation in an eviction suit were waived by defendant's appearance); *Wrenn v. Miller*, 161 So. 882 (La.App. 2 Cir. 1935) (finding that a defendant waives objections to notice to vacate by appearing and defending against the merits of the suit). Here, Ms. Bernard did not file an exception of prematurity or any other exceptions regarding the return date on the rule to show cause with the justice of the peace court or the district court. She argued her case on the merits before the district court and did not object to the return date. Moreover, Ms. Bernard has not alleged that she was prejudiced by the return date, and, given her extensive cross-examination of Ms. Nsue and Ms. Bazer at the district court hearing, she has not shown prejudice. We, therefore, find that her second assigned issue lacks merit.

## Non-Payment of Rent

Throughout her brief, Ms. Bernard reiterates her contention that there was no basis for the Notice to Vacate, the Rule to Show Cause, or the Judgment of Eviction since she had, in fact, paid rent. We shall treat this as an assignment of error to the district court's finding that Ms. Bernard had not paid rent on time. This conclusion is a factual finding which is reviewed under the manifest error-clearly erroneous standard of review. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

After reviewing the record, we determine that the district court was not clearly wrong in ruling that Ms. Bernard had failed to pay rent on time and could be evicted on those grounds. In her brief, Ms. Bernard makes much of the idea that Ms. Nsue lowered her rent from $450 to $300 via the social media message of March 24, 2015. She also contends that she lawfully withheld money from her September rent pursuant to Louisiana's repair-and-deduct law,

7

La.Civ.Code art. 2694. It is not clear that the March 24, 2015 social media message constitutes the preponderance of evidence required to show an agreement to modify the written lease and reduce Ms. Bernard's rent. *See Four Rivers Gaming, Inc. v. Reliable Amusement Co.*, 98-1581 (La.App. 3 Cir. 6/16/99), 737 So.2d 938, *writ denied*, 99-2027 (La. 10/29/99), 748 So.2d 1166. Furthermore, there is little evidence in the record that lawn maintenance was the lessor's responsibility, or that Ms. Bernard informed Ms. Nsue of problems with the lawn before deducting from her rent, as required by La.Civ.Code art. 2694. But in any case, these issues do not need to be resolved here. The record clearly shows that on November 3, 2015, when PPM served Ms. Bernard with the Notice to Vacate, PPM had not received any money at all toward October rent. Under the terms of the lease, rent for October was due October 3, 2015, and was well overdue when PPM filed the Petition for Eviction. This is sufficient to support the trial court's finding that Ms. Bernard had not timely paid rent.

Ms. Bernard notes that PPM did eventually accept the money order of November 4, 2015—purportedly rent payment for October 2015—and argues that this shows that rent was not unpaid for October. However, PPM did not deposit the money order until after the justice of the peace court had granted the eviction. Even after being evicted, Ms. Bernard was still liable for rent payments due before eviction, and PPM could accept the money once the judgment of eviction had been rendered without affecting the lawfulness of that judgment. *See Henry Rose Mercantile & Mfg. Co. v. Stearns*, 154 La. 946, 98 So. 429 (La.1923); *c.f. Bowling U.S.A., Inc. v. Genco*, 536 So.2d 814 (La.App. 1 Cir. 1988) (holding that acceptance of rent after notice to vacate had been given but before a judgment of

eviction vitiated the notice to vacate).  Consequently, the district court was not clearly wrong in evicting Ms. Bernard for non-payment of rent.

IV.

## CONCLUSION

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to the appellant, Mandy Bernard.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.